## Case No. 1,776.

### BRADLEY et al. v. CONVERSE et al.

[4 Cliff. 375.] [1]

Circuit Court, D. Massachusetts. May Term, 1876.

CORPORATIONS—DISSOLUTION—ASSETS—RIGHTS OF CREDITORS — INSOLVENCY — BANKRUPTCY— ENJOINING DIRECTORS — RECOVERY OF ASSETS BY ASSIGNEES—PREFERENCE BY DIRECTORS.

1. Assets of an incorporated company are regarded in equity as held in trust for the payment of the debts of the corporation.

[See Fisk v. Union Pac. R. Co., Case No. 4,830; U. S. v. Globe Works, 7 Fed. 530.]

2. Courts of equity will enforce the execution of such trusts in favor of the creditors, even when the matters in controversy may not be cognizable in a court of law.

3. Directors will not be permitted by a court of equity to obtain any undue advantage for themselves, to the injury of those for whom they are acting in a fiduciary relation.

[See Coons v. Tome, 9 Fed. 532.]

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

4. A railroad corporation was insolvent, and unable to pay its commercial and business paper, and was largely indebted to the first-named respondent. Measures were devised by the directors to pay or secure that claim without making any corresponding provision for the other creditors. Votes of the executive committee were passed, approving the schedules of claims of the said respondent, who was a member of said committee, and present at the meeting. At a subsequent meeting of the directors, of which the said respondent was one, the action of the executive committee was approved. The road was put into bankruptcy, and the complainants appointed assignees; they brought a bill praying for an account of the funds, notes, and bonds put into the hands of the respondents, and that they should be decreed to pay over to said assignees such sums as might be found due them as such. *Held,* that complainants were entitled to a decree that the votes of the executive committee and of the directors were in fraud of the complainants as assignees of the bankrupt corporation; that the respondents had acquired no valid rights to the funds; and that the respondents be perpetually enjoined from setting up any right to the bonds or funds by virtue of said votes.

In bankruptcy. The complainants [Charles S. Bradley, Charles R. Chapman, and George M. Barnard] were the assignees in bankruptcy of the Boston, Hartford, and Erie Railroad Company, which was duly adjudged bankrupt, and the respondents, Henry N. Farwell, Asa Farwell, and Samuel Hall [Jr.], composed the firm of A. G. Farwell & Co.; Henry N. Farwell was a director in the railroad company from Sept. 12, 1866, to Dec. 20, 1869, and vice-president thereof, and he was a member of the executive committee of the board of directors throughout the same period. All of these allegations of the bill were admitted by the respondents, and they also admitted that Samuel Hall acted as the treasurer of the railroad company from July 17, 1867, to Dec. 21, 1869. The railroad company was insolvent, and the said firm, or the senior partner thereof, held a large claim against the insolvent corporation, as alleged in the bill of complaint and admitted in the answer. Measures were devised by the directors to adjust that claim, and to pay or secure the same, without making any corresponding provision for the other creditors, and the complaint was that the scheme adopted for the purpose was inequitable and unjustifiable. Pursuant to that view, the complainants showed that between the 30th of November, 1869, and the month of December of the same year, the respondents presented to the treasurer and to the executive committee of the corporation certain schedules purporting to be accounts of transactions and dealings between the corporation and the respondents, in their firm, and the complainants charged that the respondents, by said accounts, pretended and claimed that the corporation, on the 1st day of December, 1869, owed to their firm more than $1,000,000, all of which was admitted by the respondents, and they also admitted that the said account was presented at a meeting of the executive committee held on the 8th of December, 1869, at which the senior member of the firm was present as a member of said committee. Complainants also charged that the accounts were reported for approval and that the executive committee passed the following votes: 1. That the schedules showing the accounts of the trustee and the accounts of A. G. Farwell & Co. with the corporation were approved, and that the treasurer was directed to settle with the parties on the basis of said items. 2. That the treasurer was instructed to settle the account of A. G. Farwell & Co. upon the following terms, to wit: give four notes of the corporation for the amount due,—one for $200,000, on demand, and interest; three others in equal amounts, due April, May, and June 1, 1870, interest added at eight per cent, and place as collateral to said notes $700,000, in the Berdell bonds. Votes of the kind, it was admitted, were passed by the executive committee, and that Henry N. Farwell was a member of the committee and present at the meeting, but it was denied that he acted or voted in the matter of the said two votes. Both votes involved matters of importance to those he represented as well as to himself, and inasmuch as he was present and neither did or said any thing to express any dissent to the action of his associates in the committee, it was by the court assumed that he approved of their action, which conclusion was confirmed by the fact that he ever afterwards claimed the benefit of their action in the premises.

Superadded to those accusations, the complainants also charged that the executive committee held another meeting on the succeeding day, the said H. N. Farwell being present as a member thereof, and that they passed the vote following, to wit: Voted, that the treasurer be instructed to draw an order on Baring Brothers for any amount now due, or that may become due, on the $3,000,000 of bonds of the state committed to them for negotiation or sale, in favor of A. G. Farwell & Co., said amount drawn for to be collateral to the claims they hold against this corporation. Taken as a whole, more could not be needed than those votes to perfect the scheme devised to secure the claim of the respondents, unless it should turn out that the executive committee had exceeded their powers. Whether any thing of the kind was suggested or not does not appear, but it does appear that the directors of the corporation, of which H. N. Farwell was one, held a meeting on the 17th of the same month, and that said H. N. Farwell was present at that meeting as a director. Two votes were passed at that meeting, which it is important to consider: 1. Voted, to approve all the doings of the executive committee shown on their records. Before the second vote was passed, the resignation of H. N. Farwell was presented by the clerk, but the resignation was not accepted, and it was voted to lay the same on the table.

Subsequently the second vote referred to, was passed as follows: 2. Voted, that the treasurer be instructed to draw an order on Baring Brothers & Co., in favor of A. G. Farwell & Co., for any amount due to, or that may be in their hands to the credit of this company, growing out of any sale made, or that may be made, of the scrip delivered to this company by the state, under the act of May 27, 1867, over and above eighty per cent sterling on said bonds, such amount, when received, to be collateral to, or as payment on, the claims of said Farwell & Co. against this company. Positive instructions are therein given to the treasurer to draw the described order, and the record shows that the said Hall, on the 17th of the same December, pretending to act as treasurer of the corporation, in pursuance of the preceding votes, executed and delivered to the respondents, composing the firm of A. G. Farwell & Co., the negotiable promissory notes of the corporation, payable to the order of the said firm, as specified in the said vote of the 8th of December, and also delivered to the said respondents the $700,000 of bonds described in said vote. A correct description of the said four notes is given in the before-mentioned vote; and the records also show that the said Hall, pretending to act as treasurer of the corporation, on the same day delivered to the respondents an order in writing, directing Baring Brothers & Co. to pay to A. G. Farwell & Co. any amount due or that may hereafter become due to, or that may be in their hands to the credit of, this company, growing out of any sale made, or that may be made, of the scrip delivered to this company by the state, under the act of May 27, 1869, over and above eighty per cent sterling on said bonds, and charge our (the said company's) account, to which he affixed the signature of the railroad company by himself, as treasurer of the same. [Decree for complainants.]

[For decision overruling demurrer to bill, see Case No. 1,779.]

C. S. Bradley and J. J. Storrow, for complainants.

B. F. Brooks and M. Storey, for respondent James W. Converse.

B. F. Butler and E. L. Barney, for respondent H. N. Farwell.

CLIFFORD, Circuit Justice. Assets of an incorporated company are regarded in equity as held in trust for the payment of the debts of the corporation, and courts of equity will enforce the execution of such trusts in favor of creditors, even when the matter in controversy may not be cognizable in a court of law. Such assets are usually controlled and managed by directors or trustees, but courts of equity will not permit such managers, in dealing with the trust estate, in the exercise of the powers of their trust, to obtain any undue advantage for themselves, to the injury or prejudice of those for whom

they are acting in a fiduciary relation. Exact equality of benefit may be enjoyed, but the trustees are forbidden to protect, indemnify, or pay themselves at the expense of those who are similarly in relation to the same fund. Authorities to show that the relation between the directors of a corporation and its stockholders is that of trustee and cestui que trust, are very numerous, as sufficiently appears from a recent opinion of this court, delivered by the circuit judge, to which it may be added that creditors, in certain cases, are preferred even to stockholders, for the reason that the latter, as constituent members of the corporate body, are regarded in certain respects as sustaining the same relation to the former as that sustained by the corporation. Barnard v. Farwell [Case No. 1,002]; Chicago, R. I. & P. R. Co. v. Howard, 7 Wall. [74 U. S.] 411.

Proof of the most satisfactory character is exhibited in the record, that H. N. Farwell was, after date of the several votes, and prior and subsequent thereto, one of the directors of the corporation and a member of the executive committee, and the proof is equally satisfactory that the corporation, for a long time before, was and is utterly insolvent and bankrupt, that it had failed, refused, and been unable to pay its commercial and business paper, and was, as charged in the bill of complaint, insolvent in fact, and bankrupt, within the meaning of the bankrupt act. Charges of this kind are very distinctly made in the bill of complaint, and the complainants also charge that the corporation, at the date of those votes, did not have in their possession any personal property other than those bonds and that fund, except what was embraced in and covered by the Berdell mortgage, which was and is for an amount much greater than the value of the property therein mortgaged, and that the corporation was otherwise largely indebted,—all of which, as the complainants allege, was at all times well known to the respondents. Based upon these several considerations the complainants allege and charge that the said bonds were so transferred, and that the said fund was so assigned, and that both were by the respondents received, in fraud of the creditors of the bankrupt corporation, and that the bonds and the fund, by force of section 14 of the bankrupt act, and otherwise, and by force of the principles upon which courts of equity act, became and are vested in the complainants as the assignees of their estate in bankruptcy, as alleged in the bill of complaint. Due demand of the bonds and fund is alleged, and the same having been refused, the complainants pray for a decree that the bonds may be returned, and that the assignment of the fund may be set aside, cancelled, and declared void, and made over to the complainants as such assignees, and that the respondents may be enjoined from making any sale or transfer of any of said bonds,

or of any part of said fund, or from demanding, collecting, or receiving any moneys thereon, and for general relief.

Service was made, and the respondents appeared and filed an answer. Attempt is made by the respondents, in the answer, to avoid all responsibility for what is charged, upon the ground that Henry N. Farwell did not vote to approve the claim of the respondents at the meetings of the executive committee, or to direct the four notes to be given, or to place the $700.000 of Berdell bonds as collateral security to the notes, or to direct the treasurer to draw the order in favor of A. G. Faiwell & Co. on Baring Brothers & Co. for the fund in their hands, and that he did not vote at the meeting of the directors to approve the doings of the executive committee, or to instruct the treasurer to draw that order on Baring Brothers & Co. for the balance of the fund in their hands.

Enough has already been remarked to show that H. N. Farwell was present at all those meetings in his official character, both as a member of the executive committee and as one of the directors, which is fully admitted by the answer; as for example, the answer admits that said account was presented at a meeting of the executive committee of said corporation held on the 8th of December, 1869, at which said Henry N. Farwell was present and a member of said committee . . . that after due consideration and examination of said account the said executive committee passed the two several votes set forth in said bill of complaint . . . and the respondents admit that at another meeting of the executive committee, held on the 9th of said December, the respondent Henry N. Farwell being present, and a member thereof, the third vote of said committee set out in said bill of complaint was passed. Admission is also made in the answer, that Henry N. Farwell was present as a director, at the meeting of the directors held December 17, 1869, and that at said meeting it was first voted to approve all the doings of said executive committee shown on their records, and that the resignation of said Farwell as director was at that meeting presented by the clerk, not accepted and laid on the table, as alleged in the bill of complaint, and that thereafterwards the fourth vote of the board of directors, as set forth in said bill of complaint, was passed. Appended to each of those admissions is the allegation that the said Henry N. Farwell did not vote or act in relation to the particular matter constituting the charge made by the complainants. His presence, therefore, in the one case as a member of the executive committee, and in the other as one of the directors of the corporation, is proved beyond all doubt, and it is equally certain that he did not do or say any thing in opposition to those votes, and in view of the whole case the court is of the opinion that it must be held that he approved or fully acquiesced in

each of those several votes. Unless those votes can be upheld as valid, it is clear that the defence to the bill of complaint, so far as respects the Berdell bonds, must fail, as the answer presents no other sufficient basis to support the transfer. Suppose that is so, still the respondents claim to hold the Baring fund, upon the ground that, at the same time and as a part of the same transaction with their receiving the notes of the corporation and the assignment of the Berdell bonds, it was agreed that they should procure and place in the hands of the treasurer of the state $100,000 Berdell bonds other than those placed in their hands as collateral, which they pretend in their answer to have subsequently done. Such a statement in the answer requires proof to sustain it, but the proofs exhibited in the record show that it is not true. Instead of that, the agreement, which is signed by Farwell, and not by the firm, bears date December 2, fifteen days before the treasurer executed and delivered the four notes as directed by the executive committee, and it appears that he never procured and placed the bonds as stipulated in the agreement. Converse and Maynard signed the same paper, each agreeing to procure and so place $50,000 of said bonds for the same purpose, and it appears that they afterwards refused to perform the agreement unless H. N. Farwell would give them his guarantee, but the record shows that their refusal to do as they had agreed was made to the new treasurer, and that he was not appointed until four days after the vote directing the execution and delivery of the said four notes, and consequently that their refusal to give up their bonds could not have been known at the date of that vote.

Much reference, however, to the details of the evidence is unnecessary, as the testimony of H. N. Farwell shows conclusively that the matter of the required guarantee was not suggested until long after the votes of Dec. 17, and proves to the entire satisfaction of the court that the allegation of the answer under consideration is not true. Other suggestions were made in argument by the respondents as grounds for retaining the said assigned fund, but inasmuch as they are not set up in the answer, nor supported by the proofs, they may be overruled without further remark. Equitable claims of a general character are also set up in the answer, to the said bonds and the said assigned fund, but the allegations are too indefinite and vague to be the proper subjects of legal adjudication. Suffice it to say, that none of the defences set up in the answer can be sustained, and that the same, one and all, are overruled. Complainants are entitled to a decree that the votes of the executive committee and of the directors, set forth in the bill of complaint, were in fraud of the complainants as assignees of the bankrupt corporation, and that the respondents acquired no valid rights under the same to said bonds

or said assigned fund in the hands of Baring Brothers & Co., and that said respondents be perpetually enjoined from setting up any right, title, claim, or interest, in or to said bonds and fund, by virtue of said votes or either of them.