LIZZIE F. OLNEY *et al. vs.* THE CONANICUT LAND CO. *et als.*

The directors of an insolvent corporation are by virtue of their position debarred from preferring debts of the corporation due to themselves.
The directors of a corporation are trustees for its stockholders. When the corporation becomes insolvent, the directors become trustees for the corporation creditors.
A. brought an action against a corporation for injuries resulting from the negligence of the corporation. Pending the action the corporation, then insolvent, mortgaged its property to its directors for money advanced. A., after recovering judgment, levied on the corporate property and filed a bill in equity to set aside the mortgage.
*Held,* that A. was entitled to have the mortgage declared void as against him.

BILL IN EQUITY to annul a mortgage and for a receiver.

*August* 10, 1889. STINESS, J. The complainants, judgment creditors of the Conanicut Land Company, seek to set aside a mortgage given to the defendants Lippitt, Davis, and Bradford, to secure them for advances, and for their indorsements of the notes of the company. The mortgage was given immediately after the complainants had brought suits for damages against the company

for negligence, and when the company was insolvent; the agreed statement of facts showing that it had not sufficient assets with which to discharge all its outstanding indebtedness, were payment of the same to be demanded when due.   Since then the complainants have levied execution on the property of the company.   The complainants claim that, as the mortgagees are three of the four directors who voted to give the mortgage, thereby securing themselves, their action is so inconsistent with their fiduciary relation that it should be set aside.   No fraudulent act in regard to the giving of the mortgage is alleged, other than the fact itself; and the case being submitted on bill, answer, and agreed facts as to the validity of the mortgage, we have the simple question whether directors of an insolvent corporation are debarred in equity, by virtue of their positions, from preferring debts due to themselves. In so far as the mortgage is to be regarded as a mere preference, it is not contended that it is invalid.   Except as limited by statute, the right of a debtor to prefer a part of his creditors has always been upheld in this State.   *Dockray* v. *Dockray*, 2 R. I. 547; *Elliott* v. *Benedict*, 13 R. I. 463.   The vital question is, whether a director of an insolvent corporation is to be regarded as a trustee for its creditor.   If he is so, the duty of a trustee to a *cestui que trust* is plain.   For a trustee to collect his own debt, to the detriment of that of his *cestui*, is a clear breach of fidelity. When one accepts the trust of caring for another's interest he accepts the attendant duty.   It must be admitted that directors of a corporation are not technical trustees.   They do not have in themselves the title to property which they hold for the benefit of others; and certainly, as to creditors, they are under no express trust.   The corporation is a legal being, distinct from its stockholders and officers.   It may deal with them as individuals and may owe them debts.   It holds its own property, and has the capacity and responsibility of acting for itself.   Nevertheless the conduct of its affairs must, of necessity, be intrusted to officers in whom confidence is reposed, to whom large powers are given, and by whom its property is managed for the common benefit.   As corporations have multiplied and have become so greatly concerned in business affairs in recent years, the obligations arising from such a relation have become correspondingly prominent.

While the decisions in regard to this relation are not harmonious, it has been generally agreed that directors are trustees for stockholders. This being established, we think it follows naturally that, when the corporation becomes insolvent and the stockholders have no longer a substantial interest in the property of the corporation, directors should be regarded as trustees of the creditors to whom the property of the corporation must go. If directors, with their office, assume the duty of caring for the interests of the stockholders, why do they not also assume the duty incidentally of caring for the interests of those who, instead of the stockholders, may come to have claims upon the corporate property?

In speaking of directors as trustees for stockholders, Mr. Justice Miller, in *Sawyer* v. *Hoag*, 17 Wall. 610, calls this " a doctrine of modern date;" but as long ago as the time of Lord Hardwicke we find the duties and obligations of a director of a corporation thus clearly set forth : " I take the employment of a director to be of a mixed nature ; it partakes of the nature of a public office, as it arises from the charter of the crown. But it cannot be said to be an employment affecting the public government. Therefore committee men are most properly agents to those who employ them in this trust, and who empower them to direct and superintend the affairs of the corporation. By accepting a trust of this sort, a person is obliged to execute it with fidelity and reasonable diligence ; and it is no excuse to say that they had no benefit from it, but that it was merely honorary ; and therefore they are within the case of common trustees." *Charitable Corporation* v. *Sutton*, 2 Atk. 400. To the effect that officers of a corporation are trustees for the stockholders, see *Hodges* v. *New England Screw Co.* 1 R. I. 312 ; *Hoyle* v. *Plattsburgh & Montreal R. R. Co.* 54 N. Y. 314; *Koehler* v. *Black River Co.* 2 Black, 715 ; *York & North Midland Railway Co.* v. *Hudson*, 16 Beav. 485 ; 19 Eng. Law & Eq. 361; *Great Luxembourg Railway* v. *Magnay*, 25 Beav. 586 ; *Hope et ux.* v. *Valley City Salt Co.* 25 W. Va. 789. Indeed, no cases, that we know of, deny a fiduciary relation of directors to stockholders, however they may differ in the use of terms to describe it. This relation has led logically to the conclusion that in case of insolvency, the assets of

the corporation being no longer held for the benefit of stockholders, but for the benefit of creditors. the directors owe to the creditors the duty of a trustee. This duty is clearly stated by Clifford, J., in *Bradley* v. *Converse*, 4 Cliff. 375: "Assets of an incorporated company are regarded in equity as held in trust for the payment of the debts of the corporation, and courts of equity will enforce the execution of such trusts in favor of creditors, even when the matter in controversy may not be cognizable in a court of law. Such assets are usually controlled and managed by directors or trustees, but courts of equity will not permit such managers, in dealing with the trust estate, in the exercise of the powers of their trust, to obtain any undue advantage for themselves, to the injury or prejudice of those for whom they are acting in a fiduciary relation. Exact equality of benefit may be enjoyed, but the trustees are forbidden to protect, indemnify, or pay themselves at the expense of those who are similarly in relation to the same fund."

To the same effect are *Bradley* v. *Farwell*, 1 Holmes, 433; *Jackson* v. *Ludeling*, 21 Wall. 616; *Corbett* v. *Woodward*, 5 Sawyer, 403; *Stout* v. *Yaegers Milling Co.* 3 Fed. Rep. 802; *Haywood* v. *Lincoln Lumber Co.* 64 Wisc. 639; *Richards* v. *New Hampshire Insur. Co.* 43 N. H. 263; *San Francisco & North Pacif. R. R. Co.* v. *Bee*, 48 Cal. 398; *Gaslight Improvement Co.* v. *Terrell*, L. R. 10 Eq. 168; *Hopkin's & Johnson's Appeal*, 90 Pa. St. 69. Of the cases cited by the defendants, only three fully sustain their claim that, as creditors of the company, directors may, in the absence of fraud, secure themselves for their own debt, viz.: *Burr's Executors* v. *McDonald*, 3 Gratt. 206; *Planters' Bank of Farmville* v. *Whittle*, 78 Va. 737; *Garrett* v. *The Burlington Plow Co.* 70 Iowa, 697.

In the case of *Railroad Co.* v. *Claghorn*, 1 Speer Eq. 545, 562, frequently cited upon this point, the mortgage in question was not given to, nor was the suit brought against, directors; neither did the court find that the company was insolvent when the mortgage was given. The case depended mainly on a statute. In *Stratton* v. *Allen*, 16 N. J. Eq. 229, 232, the court expressed no opinion upon the point taken that the defendant was a trustee by virtue of his office as director, but did hold that he was not entitled to

priority, but must share proportionately with other creditors. This case also depended upon a statute.

In *Buell* v. *Buckingham*, 16 Iowa, 284, Judge Cole stated there was no evidence that the company was insolvent. Judge Dillon conceded that directors are trustees for stockholders, and treats the case as a sale voidable between trustee and *cestui que trust*, to which a subsequent attaching creditor, having no lien upon the property at the time, could not make objection.[1] *Garrett* v. *The Burlington Plow Co.* depended upon this and other cases in Iowa which had followed its apparent doctrine. In *Burr's Executors* v. *McDonald*, the question was not discussed upon principle or authority. In *Planters' Bank of Farmville* v. *Whittle*, the question was elaborately discussed. The cases upon which the court relied were *Railroad Co.* v. *Claghorn ; Stratton* v. *Allen ;* and *Buell* v. *Buckingham*, to which we have referred ; also *Ashhurst's Appeal*, 60 Pa. St. 290, which was a suit by stockholders, denied on account of *laches* and absence of fraud, the court saying : " Creditors could have avoided what was done, but the complainants are not claiming as creditors or through creditors." *Smith* v. *Skeary*, 47 Conn. 47, in which the company was supposed to be solvent at the time of the transaction complained of ; also *Gordon* v. *Preston*, 1 Watts, 385 ; *Whitwell* v. *Warren*, 20 Vt. 425 ; and *Sargent* v. *Webster*, 13 Met. 497, in neither of which cases was this subject treated of at length, or as an important element of the case.

We think the weight of recent authority regards directors of an insolvent corporation as trustees for creditors, and that this authority stands upon the better reason. If, as Judge Dillon said, the right to collect a debt is " a race of diligence," open alike to both, it must be admitted that it is a race in which the outside creditor is unduly handicapped. The parties do not contend upon an equal footing ; and although it is said that the director has only an advantage which results from his position, and which is

---

[1] NOTE BY THE REPORTER. — See, on this point, *In re Wincham Shipbuilding, &c. Co.* Jessel's Decisions, 240 ; L. R. 9 Ch. Div. 322, 328.

On the doctrine of the decision see *Curran* v. *Arkansas*, 15 How. U. S. 304, 311, and 1 Hare Amer. Constit. Law, 635–637, text and note.

known to all who deal with the corporation, yet no one would say that an ordinary trustee should be entitled to an unequal start with his *cestui*, by means of information received in the discharge of his trust. If, then, the director be a trustee, or one who holds a fiduciary relation to the creditors, in case of insolvency he cannot take advantage of his position for his own benefit to their loss. The right of the creditor does not depend upon fraud or no fraud, but upon the fiduciary relation.

It is claimed by the defendants that it was agreed they should have security before the company became insolvent, and that this mortgage was given pursuant to such agreement. We do not think this claim is supported. The answer sets out that in January, 1874, the stockholders authorized the treasurer to execute a mortgage to secure certain directors who indorsed the notes of the company; but nothing was done under this vote. November 22, 1877, the stockholders again voted a mortgage to secure the then directors and indorsers, in a sum not exceeding thirty thousand dollars, which mortgage was given, December 4, 1880, in order to raise from a stranger a new loan of $15,000 upon mortgage, which was to be a first lien upon the property of the company. The directors, two of whom were persons not now directors nor parties to this suit, cancelled and discharged their mortgage upon the agreement for new security as aforesaid. This loan was increased, in January, 1884, to $23,000, and a new mortgage given. It is not shown, however, that the company made such an agreement. No vote of the company is recited or put in evidence; the directors had no authority under the by-laws to make such an agreement, and it does not appear what would have been the total amount of indebtedness. If the proceeds of the new mortgages paid all the debts of the company, there was nothing due the directors and their mortgage was properly discharged, with no occasion for such an agreement. If they still held debts, such debts may have gone above the limit placed in the resolution. But however this may have been, no mortgage was given or demanded during a period of about eight years. In January, 1884, the company adopted by-laws which gave the directors full power to mortgage the corporate property; but for more than four years after this no demand for a mortgage was made, nor did the directors vote

to give one. In the absence of an express agreement, we think the directors had no right, after they became aware of the unprofitable and disastrous state of the affairs of the company, to appropriate its entire property to secure themselves. But they say the complainants were not creditors, whose rights they could consider, at the time of the mortgage. True, they had not reduced their claims to judgment; but the claims existed, and the defendants had notice of them by the commencement of suits. As trustees for creditors, we think the directors were as much bound to care for those who had given them notice of their claims by suits, in case they should succeed in obtaining judgments, as for those whose claims had been already ascertained. Their action was taken with full knowledge that these claims might ripen into judgments, entitled to payment from the property of the company. We fail to see that it was any less the duty of the directors to protect these liabilities of the company than those arising upon contracts which the holders were not prosecuting to judgment. If it be said there is a difference, because of a presumption that contracts are made upon the trust and confidence reposed in the directors, it may also be presumed that, with equal trust and confidence in them, the complainants became guests of the hotel, assuming that they would not, through negligence, allow it to become dangerous to life and health.

Our conclusion is that, in view of the fiduciary relation of the directors to the creditors of the company, they are not entitled to priority over the complainants by virtue of their mortgage.

*Daniel R. Ballou & Frank H. Jackson,* for complainants.

*Darius Baker & Rathbone Gardner,* for respondents.