## COLLINS v. KAW CITY MILL & ELEVATOR CO. *et al.*

No. 573.    Opinion Filed July 12, 1910.

(110 Pac. 734.)

CONTRACTS—Rights of Third Parties — Beneficial Interest. Where on a sale of practically all the property of a corporation, the two principal stockholders making the sale and receiving the purchase money contracted in writing with the purchaser to each assume the payment of one-half of the indebtedness of the corporation, and where one-half of said indebtedness is paid by one of them, held, in a suit at law against his co-promisor for the remainder, that the promisee being chargeable in equity with the payment of the debt, plaintiff was entitled to the benefit of the contract.

(Syllabus by the Court.)

*Error from Kay County Court; Claud Duval, Judge.*

Action by John H. Collins against the Kaw City Mill & Elevator Company and others.    Judgment for defendants, and plaintiff brings error.    Reversed.

*W. S. Cline* and *C. L. Pinkham,* for plaintiff in error.—Citing: *Railroad Co. v. Howard,* 7 Wall. (U. S.) 409; *Hendrick v. Lindsay,* 93 U. S. 143; *Miliana v. Tognini,* 7 Pac. 279; *Maxey v. Fire Ins. Co.,* 55 N. W. 1130; *Kaufman v. U. S. Nat. Bank,* 48 N. W. 738; *Welch v. Fitterling,* 75 N. W. 731; *Cooper v. Foss,* 15 Neb. 516; *Rohman v. Gaiser* (Neb.) 73 N. W. 923; *Shamp v.*

*Meyer,* 20 Neb. 223; *Brown v. Markland,* 52 Pac. 598; *Nat. Bank v. Grand Lodge,* 89 U. S. 124; *Constable et al. v. Nat. Steamship Co.,* 14 Sup. Ct. (U. S.) 1080; *Plano Mfg. Co. v. Burrows,* 19 Pac. 810.

*Sam K. Sullivan,* for defendant in error.—Citing: *Wright v. Terry,* 23 Fla. 160; *Jefferson v. Asch,* 55 N. W. 604; 9 Cyc. 380; *Union Ry. Storage Co. v. McDermott,* 55 N. W. 607; *German State Bank v. N. W. Water & Light Co.* (Iowa) 74 N. W. 685; *Vrooman v. Turner,* 69 N. Y. 280.

TURNER, J. On May 11, 1908, John H. Collins, plaintiff in error, sued the Kaw City Mill & Elevator Company and J. W. De Cou, defendants in error, in three counts for balance due on three certain promissory notes, aggregating $775.35. The petition substantially states that on November 10, 1906, the Kaw City Mill & Elevator Company, a corporation, made, executed, and delivered said notes to one Hotchkiss; that he transferred them to plaintiff, who sued as owner; that while said notes were outstanding in the hands of plaintiff as debts against the corporation said Hotchkiss and De Cou being the two principal stockholders therein, the latter being president, sold practically all the property of said corporation to W. T. Conklin, and thereupon entered into a contract in writing with him, which read:

"Kaw City, Okla., Apr. 3, 1908. Agreement between the Kaw City M. & E. Co., parties of the first part and W. T. Conklin, party of the second. Said first parties agree to sell all the Mill property and fixtures now belonging to the Company in Kaw City and the elevator at Burbank complete excepting one pair of scales in the street north of Elevator. For a consideration of $12,000.00 of which $6,300.00 is to be paid to J. W. De Cou and $5,700.00 to K. T. Hotchkiss. Said De Cou is to receive $4,000.00 in cash and $2,300.00 in two notes one for $1,000.00 due in one year and one for $1,300.00 due in two years, drawing 7% int. payable annually. Said Hotchkiss, is to receive one note for $5,700 due in 5 years with interest at 6% payable annually and secured by mortgage on the Mill and one Stone building occupied by T. E. Smith & Co. as a store. Said J. W. De Cou and K. T. Hotchkiss

agrees to each pay one-half of all indebtedness and deed the property free and clear to said W. T. Conklin. Insurance turned over to said Conklin. Kaw City Mill & Elevator Co. K. T. Hotchkiss. J. W. De Cou. W. T. Conklin"—

that Hotchkiss had since paid one-half of the debt due plaintiff on said notes, but that De Cou had failed and refused to pay his half thereof, and prays judgment in the sum stated. There was judgment for plaintiff by default against the Kaw City Mill & Elevator Company. From a judgment sustaining a demurrer to the petition by De Cou, plaintiff brings the case here, and says the court erred in sustaining said demurrer.

In support of his demurrer defendant contends that plaintiff can derive no benefit from this contract, because he says that it shows no intent by Conklin, the promisee, to secure such benefit to plaintiff as would entitle him to sue, and no legal duty owing plaintiff by said promisee. We think it does, and that the court erred in sustaining the demurrer. While defendant questions the right of plaintiff to proceed under Wilson's St. Okla. 1903, § 970, which, in effect, provides that if money is withdrawn or paid to stockholders, the directors become liable therefor to creditors, if any, in the event of dissolution, which plaintiff is not attempting here to do, he practically concedes, and we think properly, that had plaintiff proceeded in equity he could after reducing his debt to judgment, etc., have pursued the property into the hands of Conklin and subjected it to the payment of his debt, or charged therewith the proceeds derived from said sale in the hands of Hotchkiss and De Cou, or either. This is well-settled doctrine. In C., R. I. & P. R. R. Co. v. Howard, 7 Wall. 392-416 (19 L. Ed. 117) the court said:

"Equity regards the property of a corporation as held in trust for the payment of the debts of the corporation, and recognizes the right of creditors to pursue it into whosesoever possession it may be transferred, unless it has passed into the hands of a bona fide purchaser; and the rule is well settled that stockholders are not entitled to any share of the capital stock nor to any dividend of the profits until all the debts of the corporation are paid.

Assets derived from the sale of the capital stock of the corporation, or of its property, become, as respects creditors, the substitutes for the things sold, and as such they are subject to the same liabilities and restrictions as the things sold were before the sale, and while they remained in the possession of the corporation. Even the sale of the entire capital stock of the company and the division of the proceeds of the sale among the stockholders will not defeat the trust nor impair the remedy of the creditors, if any debts remain unpaid, as the creditors in that event may pursue the consideration of the sale in the hands of the respective stockholders and compel each one, to the extent of the fund, to contribute *pro rata* towards the payment of their debts out of the moneys so received and in their hands. * * * Moneys derived from the sale and transfer of the franchises and capital stock of an incorporated company are assets of the corporation, and as such constitute a fund for the payment of its debts, and if held by the corporation itself, and so invested as to be subject to legal process, the fund may be levied on by such process; but if the fund has been distributed among the stockholders, or passed into the hands of other than *bona fide* creditors or purchasers, leaving any debts of the corporation unpaid, the established rule in equity is that such holders take the fund charged with the trust in favor of creditors, which a court of equity will enforce, and compel the application of the same to the satisfaction of their debts. Story, Eq. Jur. (9th Ed.) § 1252; *Mumma v. Polomac Co.,* 8 Pet. 286 [8 L. Ed. 945]; *Wood v. Dummer,* 3 Mason, 308 [Fed. Cas. No. 17,944]; *Vose v. Grant,* 15 Mass. 522; *Spear v. Grant,* 16 Mass. 14; *Curran v. Ark.,* 15 How. 307 [14 L. Ed. 705]."

See, also, *Bartlett v. Drew,* 60 Barb. (N. Y.) 648.

Guided by these principles, the complaint substantially shows a sale of practically the entire property of the Kaw City Mill & Elevator Company by two of its principal stockholders, a division of the proceeds among them, and a promise by them to assume and pay its outstanding indebtedness, which otherwise the purchaser might be compelled to pay in a court of equity. We think the promise on its face discloses a sufficient obligation or duty from Conklin to plaintiff as would give the latter an equitable claim to the benefit of the promise.

The rule laid down in *Vrooman v. Turner,* 69 N. Y. 280, 25 Am. Rep. 195, is recognized by the Supreme Court of the United States, and accords with the weight of authority. In that case a mortgage was executed in 1873 by the then owner of the mortgaged premises. By mesne conveyances, in none of which did the grantee assume the payment of the mortgage, the title came to one Sanborn. His conveyance to Turner, appellant, contained a clause stating that the conveyance was subject to the mortgage "which mortgage the party hereto of the second part hereby covenants and agrees to pay off and discharge, the same forming part of the consideration thereof." The court on foreclosure held that, for the reason that the grantor was not personally liable legally or equitably for the payment of the mortgage, the grantee could not be held liable for a deficiency arising on foreclosure. In passing the court said:

"Judges have differed as to the principal upon which *Lawrence v. Fox* [20 N. Y. 268] and kindred cases rest, but in every case in which an action has been sustained there has been a debt or duty owing by the promisee to the party claiming to sue upon the promise. Whether the decisions rest upon the doctrine of agency, the promisee being regarded as the agent for the third party, who, by bringing his action adopts his acts, or upon the doctrine of a trust, the promisor being regarded as having received money or other thing for the third party, is not material. In either case there must be a legal right, founded upon some obligation of the promisee, in the third party, to adopt and claim the promise as made for his benefit."

And in the syllabus:

"A grantee of mortgaged premises whose conveyance recites that the land is conveyed subject to the mortgage, and that the grantee assumes and agrees to pay the same as part of the consideration, is not liable for a deficiency arising upon a foreclosure and sale, in case the grantor was not personally liable, legally or equitably for the payment of the mortgage."

Of course, if the grantor was legally or equitably liable, the

converse would be true.    See, also, 7 A. & E. Enc. Law, 107, and cases cited.

The judgment of the trial court is reversed.

All the Justices concur.