Grafton, }
Jan. 26, 1925. }

### Mica Products Company & a. v. D. C. Heath & a.

Directors of a corporation act in a trust capacity in so far as shareholders and creditors are concerned. If, therefore, the directors of an insolvent corporation convey its property in such a way as to prefer some of their number to the other creditors, the conveyance may be avoided by the other creditors to the extent of the preference.

A mortgage given by the directors of an insolvent corporation to one of their number to secure future advances is valid to the extent of such advances if it complies in form with the statutory requirements for such mortgages.

Bill in Equity, to enjoin Heath foreclosing a mortgage given him by the Mica Company. Heath was the vice-president and a direc-

tor of the corporation, and had loaned it a large amount of money previous to March, 1920. During that month the corporation gave him a mortgage to secure the payment not only of what it owed him, but also of any money he might thereafter loan it. The corporation, as Heath knew, was insolvent, and the plaintiffs, who were creditors, attached the mortgaged property soon after the mortgage was recorded. When Heath attempted to foreclose his mortgage,.the plaintiffs filed this bill and a receiver was appointed who has sold the property. The proceeds were not sufficient to pay either Heath or the plaintiffs in full. The validity of Heath's mortgage was transferred without a ruling by *Marble*, J.

*Nathaniel E. Martin, Scott Sloane* and *Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the plaintiffs.

*James B. Wallace* and *John H. Noonan*, for the defendants.

YOUNG, J. The first question I shall consider is whether a mortgage given by an insolvent corporation to one of its directors to secure the payment of a previously existing debt is valid as to attaching creditors.

There is nothing in the books which can be called a consensus of opinion in respect to this question. Some courts hold that such a conveyance is or may be legal, others that it is or may be illegal, and others that any conveyance made by such a corporation, the effect of which is to prefer certain of its creditors at the expense of the others, is invalid. *Union Coal Company* v. *Wooley*, 54 Okl. 391, 154 Pac. 62, 19 A. L. R. 312, 338, note; 14A C. J., s. 3080.

In this state the view obtains that the directors of a corporation act in a trust capacity in so far as shareholders and creditors are concerned. *Pearson* v. *Railroad*, 62 N. H. 537, 541. It follows, therefore, that if the directors of an insolvent corporation convey its property in such a way as to prefer themselves to its other creditors the conveyance may be avoided by the other creditors, in so far at least as the preference is concerned. *Richards* v. *Company*, 43 N. H. 263.

The confusion that has grown up in respect to this question furnishes a good illustration of what is sure to happen when we attempt to formulate rules of universal application for deciding questions of fact; that is, for deciding the reasonable thing to do in a given situation.

In this case, however, it will make no difference in the result

whether we say the test to determine the validity of Heath's mortgage is to inquire whether it prefers him to the other creditors or to inquire whether making the mortgage when and as the directors did was a reasonable thing to do, for all fair-minded men must agree that conveying the property of the corporation in such a way that it could not be reached by the corporation's general creditors was an unreasonable thing to do.

In so far, therefore, as Heath's mortgage was intended to give him a preference over the corporation's other creditors to the extent of the money it owed him at the time the mortgage was made, it is invalid.

The question as to whether Heath's mortgage is valid as to the money he has loaned the corporation since the mortgage was made remains to be considered. The answer to this question depends on the intention of the legislature when it enacted Laws 1917, c. 120.

This chapter provides "that a mortgage . . . which purports to be given in whole or in part as security for . . . future obligations, and which states the nature and . . . maximum amount of the . . . obligations designed to be secured by it, shall become a lawful security for such . . . obligations as, when and to the extent that the same shall . . . come into existence as valid obligations of the mortgagor."

The condition of this mortgage is that if the mortgagor shall pay certain sums now due, "together with all additional sums not exceeding for both past and present advances the total aggregate sum of fifty thousand dollars ($50,000) for which the company may, at any time prior to February 1, 1921, become indebted unto said Heath," the mortgage shall be void.

As this mortgage states the nature and maximum amount of the obligations designed to be secured by it, it is valid security for whatever money Heath advanced after the mortgage was made and before the property was attached.

*Case discharged.*

All concurred.