## BURKHOLDER v. OKMULGEE COAL CO. et al.

No. 10070—Opinion Filed March 15, 1921.

Rehearing Denied May 24, 1921.

(Syllabus.)

**1. Corporations—Sale of Assets—Rights of Creditors—Liability of Purchasing Corporation.**

The liability of the purchasing corporation is very similar to the liability of an individual who purchases the assets of a debtor, and it does not, by reason of the purchase merely, become liable for the debts of the selling corporation; and unless the purchase can be attacked as in fraud of the creditors of the selling corporation, the purchasing corporation holds the property purchased free from any claim on the part of the creditors of the selling corporation.

**2. Same.**

The general rule is that in order to render the purchasing company personally liable for the debts of the selling corporation, it must appear that (a) there be an agreement to assume such debts; (b) the circumstances surrounding the transaction must warrant a finding that there was a consolidation of the two corporations; or, (c) that the purchasing corporation was a mere continuation of the selling corporation; or (d) that the transaction was fraudulent in fact.

**3. Same—Judgment—Affirmance.**

From an examination of the record, held that the finding of the court based upon the agreed statement of facts in this case that the consideration paid for the property was fair and reasonable, and the further finding that there was no fraud in the transaction, are the fair and reasonable interpretation to be placed upon the facts agreed to; therefore, the judgment of the court will not be disturbed on appeal.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by C. F. Burkholder against the Okmulgee Coal Company and another to set aside sale of mining property and subject same to payment of judgment. Judgment for defendants, and plaintiff brings error. Affirmed.

Blakeney & Maxey, Christy Russell, Hubert Ambrister, and M. A. Dennis, for plaintiff in error.

McCrory, Johns & Shackelford and L. L. Cowley, for defendants in error.

McNEILL, J. This action was commenced by C. F. Burkholder against the Okmulgee Coal Company and the Blackstone-Collieries, Inc., to set aside a conveyance made by the Blackstone-Collieries, Inc., of certain mining property to the Okmulgee Coal Company and subject said property to satisfy a judgment of plaintiff in the sum of $3,500 against the Blackstone-Collieries, Inc. The petition was very lengthy, but the contention of the plaintiff was that the sale was made without a fair and valuable consideration, and, second, with the fraudulent intention to delay, hinder, or defraud the plaintiff, he being a creditor.

The defendant, the Okmulgee Coal Company, answered, denying the allegations of the petition, claiming to be an innocent purchaser for value. The answer of the Blackstone Collieries, Inc., was a general denial.

The case was submitted to the trial court upon an agreed statement of facts, and upon said agreed facts the court made no special findings or conclusions of law, but found generally in favor of defendants and against plaintiff. From said judgment the plaintiff has appealed.

For reversal of the case, the plaintiff argues but two propositions: First, the court erred in holding that the plaintiff was not a creditor of the Blackstone-Collieries, Inc., within the meaning of the law relating to fraudulent conveyances. The plaintiff's judgment was for damages for personal injuries sustained while in the employ of the Blackstone-Collieries, Inc., on March 11, 1915. No action was commenced on said claim for damages until September 16, 1915, and judgment was rendered for the plaintiff on December 15, 1916. The sale from the Blackstone-Collieries, Inc., to the Okmulgee Coal Company was on July 31, 1915. According to the previous decision of this court in the case of Union Coal Co. v. Wooley, 54 Okla. 391, 154 Pac. 62, the plaintiff was a creditor of the Blackstone-Collieries, Inc., within the meaning of the statutes of this state relating to fraudulent conveyances.

The second proposition presented is stated as follows:

"The court erred in holding that the conveyance from the Blackstone-Collieries, Inc., to the Okmulgee Coal Co. was for a fair and valuable consideration and erred in holding that said conveyance was without fraud."

It was agreed that the sale consisted of all of the property and assets of the Blackstone-Collieries Co., Inc., to the Okmulgee Coal Company. It was further agreed that the conveyance was neither a consolidation nor a merger of the companies. It was also agreed that at the time of the same nor any other time was there any agreement to assume this debt or claim.

With these facts before us, we will look to the law regarding the sale of the property and assets of one corporation to another corporation in so far as the same relates to fraudulent conveyances, and the liability of the purchasing company. The law relating to such transactions is stated in 7 R. C. L., page 183, as follows:

"The liability of the purchasing corporation is very similar to the liability of an individual who purchases the assets of a debtor, and it does not, by reason of the purchase merely, become liable for the debts of the selling corporation; and unless the purchase can be attacked as in fraud of the creditors of the selling corporation, the purchasing corporation holds the property purchased free from any claim on the part of the creditors of the selling corporation; and this rule applies to a corporation which succeeds to the property and rights of another corporation, through the medium of a sale on a decree of foreclosure. So it may be stated as a general rule that in order to render the purchasing company personally liable for the debts of the selling corporation, it must appear that (a) there be an agreement to assume such debts; (b) the circumstances surrounding the transaction must warrant a finding that there was a consolidation of the two corporations; or (c) that the purchasing corporation was a mere continuation of the selling corporation; or (d) that the transaction was fraudulent in fact. Still a court of equity will scrutinize with jealousy such a transaction whereby the assets of an insolvent corporation are diverted from its creditors."

The above statement of the law was approved by this court in the cases of Union Coal Co. v. Wooley, 54 Okla. 391, 154 Pac. 62; Ezzard v. City National Bank, 57 Okla. 371, 157 Pac. 127; Farris v. Hodges, 59 Okla. 87, 158 Pac. 909.

By applying this principle of law to the facts, and keeping in mind it was agreed that there was no merger or consolidation and no agreement to assume this debt or liability, is the purchasing company liable for the claim of plaintiff or is the property liable to the payment of said claim? If so, it must be upon the theory that the transaction was fraudulent in fact. Section 1174, Rev. Laws 1910, provides in substance, that every conveyance of real estate made without a fair and valuable consideration, or made in bad faith or for the purpose of hindering, delaying, or defrauding creditors, shall be void **as**

against persons to whom the maker is at the time indebted or under any legal liability.

We will now direct our attention to whether this conveyance, according to the agreed statement of facts, was for a fair and valuable consideration. The material facts necessary to be considered are admitted to be as follows:

On July 1, 1915, Wright Thornburg purchased all of the shares of stock of Blackstone-Collieries, Inc., except two shares, and agreed with the stockholders in writing, in consideration of the transfer of the stock to him, to assume a $20,000 bonded indebtedness, to install certain machinery, to operate the mine according to the terms of the lease and cause to be mined an average of 50,000 tons of coal per annum, and to create a sinking fund to pay interest on three notes amounting to $6,000 and to pay the notes, and to pay or cause to be paid certain unsecured indebtedness itemized and amounting to $3,398.74. That contract was in writing and the stockholders represented that there was no other outstanding indebtedness against the corporation. The total amount of indebtedness amounted to $29,398.74.

Twenty-six days after the written agreement between Thornburg and the other stockholders, Thornburg and other parties incorporated the Okmulgee Coal Company, and on July 31, 1915, the Blackstone-Collieries, Inc., transferred the mining lease to the Okmulgee Coal Company for the consideration of $1 subject, however, to the original lease and the bonded indebtedness of $20,000 and subject to the contract made and entered into between the stockholders and Thornburg.

It was agreed that on the date of the transfer of the property the value of the mining lease and all the assets amounted to $29,398.74. It was further agreed that the indebtedness of the company was of the same amount, although $9,398.74 had been paid by Thornburg. Plaintiff in error contends that the consideration paid was not a fair and valuable consideration. It is contended that this was a sale of property valued at $29,000 and the only consideration was the assuming of a debt of $20,000. We are unable to agree with this contention. While it is admitted that Thornburg had paid $9,398.74, or all of the unsecured debts of the corporation, still we are unable to understand why the company would not have been liable to Thornburg. The indebtedness of the corporation at the date of the transfer of the stock to Thornburg was $29,398.74. The company between that date and the date it sold this property to the Okmulgee Coal Company paid none of its indebtedness, although Thornburg had; still the company would be liable to

Thornburg, and its indebtedness would be the same.

We are unable to construe the contract and agreement as stipulated to have any other meaning than that the property was worth $29,398.74, and the indebtedness of the company was of equal amount. The sale would then be for the full value of the property. This is evidently what the trial court found, and we are unable to say that this is not the proper interpretation to be placed upon the agreed statement of facts. It was further agreed that none of the incorporators or stockholders of the Okmulgee Coal Company at the time of purchasing this property had any knowledge or intimation of the claim of the plaintiff. This admits that the Okmulgee Coal Company was an innocent purchaser, and if the price paid was fair and reasonable, which we have concluded was fair and reasonable, according to the stipulations, then the property would not be subject to payment of plaintiff's claim.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.