## SPRING CREEK OIL CORPORATION v. DILLMAN.

No. 11517—Opinion Filed May 29, 1923.

Rehearing Denied June 26, 1923.

(Syllabus.)

1. Corporations—Liability of Purchasing Company for Debts of Old Company.

The general rule is that, in order to render a purchasing corporation personally liable for the debts of the selling corporation, it must appear that (a) there be an agreement to assume such debts: (b) the circumstances surrounding the transaction must warrant a finding that there was a consolidation or merger of the two corporations; or (c) that the purchasing corporation was a mere continuation of the selling corporation; or (d) that the transaction was fraudulent in fact.

2. Same—Liability—Evidence — Instruction —Affirmance.

Record examined, and held, there was sufficient evidence to submit the question of the liability of the purchasing company to the jury, and there being no error in the instruction given by the court, the judgment is affirmed.

Error from District Court, Creek County; Mark L. Bozarth, Judge.

Action by Wilbur S. Dillman against the Spring Creek Oil Corporation for work and labor and to foreclose mechanic's lien. Judgment for plaintiff, and defendant brings error. Affirmed.

C. F. Chapman, for plaintiff in error.

J. R. Miller, for defendant in error.

McNEILL, J. This action was commenced in the district court of Creek county by Wilbur S. Dillman, defendant in error, against the Spring Creek Oil Corporation and New Spring Creek Oil Company to recover for work and labor performed on certain oil and gas leases owned by defendant company, and to foreclose a mechanic's lien. The latter corporation was never served, and filed no pleadings, and no judgment was taken against it. The petition alleged that Dillman was first employed by the New Spring Creek Oil Company and operated two leases, and the company owed him several hundred dollars. Thereafter the leases were transferred to the Spring Creek Oil Corporation. Plaintiff does not know whether the name of the corporation was changed, but if so, alleges there was only a change in name, and the personnel of the corporation did not change.

The evidence disclosed that the New Spring Creek Oil Corporation owed plaintiff several hundred dollars. He continued on working after the leases were assigned to the Spring Creek Oil Corporation, and it was indebted to him in several hundred dollars. Plaintiff proceeded upon the theory that the Spring Creek Oil Corporation was successor of the New Spring Creek Oil Company, and therefore was liable for the total amount of wages due plaintiff for work upon said lease. Judgment was rendered against the defendant for some $1,300 and attorney fees. From said judgment, the defendant has appealed.

For reversal, the first contention is that the evidence is insufficient to support a judgment finding the Spring Creek Oil Corporation liable for the portion of the debt owing by the New Spring Creek Oil Company.

In determining whether a purchasing corporation is liable for the debts of the selling corporation the general rule is stated by this court in the case of Burkholder v. Okmulgee Coal Co., 82 Okla. 80, 196 Pac. 679, in the second paragraph of the syllabus stated as follows:

"The general rule is that in order to render the purchasing company personally liable for the debts of the selling corporation, it must appear that (a) there be an agreement to assume such debts; (b) the circumstances surrounding the transaction must warrant a finding there was a consolidation of the two corporations; or (c) that the purchasing corporation was a mere continuation of the selling corporation; or (d) that the transaction was fraudulent in fact."

The evidence regarding whether the corporations were consolidated or merged, or the Spring Creek Oil Corporation was the successor of the New Spring Creek Oil Company, disclosed about the following state of facts:

The New Spring Creek Oil Company was a Kansas corporation and owned the two leases in question and some other nonproductive leases. The Spring Creek Oil Corporation was incorporated under the laws of Delaware, and issued stock to the stockholders of the old corporation in the proportion of five shares of new stock for one share of old stock. The leases upon which plaintiff worked were assigned to the new corporation. The record failed to disclose any consideration except the issuing of stock to the stockholders and assuming of certain indebtedness against the leases.

We think the evidence sufficient to bring the case squarely within the rule laid down in the case of Burkholder v. Okmulgee Coal Co., 82 Okla. 80, 196 Pac. 679, and Thompson on Corporations (2nd. Ed.) sec. 6082, and following sections.

The court advised the jury, in substance, as follows: As a matter of law, that when one corporation is organized and takes over the assets of, or the principal assets of, another corporation, and the stockholders of the old corporation receive stock in the new corporation in lieu of their stock and interest in the old corporation, that makes the new corporation the successor in interest of the old corporation, and the new corporation would be liable for the debts of the old corporation. We think there was no error in this instruction

It was unnecessary for plaintiff to prove the nonproductive leases were absolutely worthless, because plaintiff had a lien upon the leases upon which he was working for the amount of his labor, and, irrespective of the liability of the new company, it took those leases subject to his right to file his lien, and he filed his lien within the statutory time.

It is further contended that the court erred in permitting the plaintiff to introduce a certain deposition. This, however, was harmless, if error, under section 6005, Rev. Laws 1910, as the evidence was simply accumulative and was not disputed.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and MASON, JJ., concur.