## COLINE OIL CORPORATION v. STATE.

No. 28649. March 28, 1939.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, for plaintiff in error.

E. W. Schenk, County Atty., and W. J. Williams, Asst. County Atty., for defendant in error.

RILEY, J. This is a tax ferret proceeding instituted in the year 1938 before the county treasurer of Carter county, in which the state seeks to assess and collect tax for the years 1921-29, inclusive, on certain salvaged oil well casing which belonged to the Coline Oil Company, a corporation, as the property of the Coline Oil Corporation, the alleged successor of the Coline Oil Company.

From an adverse decision before the county treasurer, the plaintiff in error prosecuted its appeal to the county court. Defendant's demurrer to plaintiff's evidence was there overruled, judgment rendered for plaintiff, and from an order denying a motion for a new trial the defendant prosecutes this appeal.

The parties will be referred to as they appeared below.

The defendant, Coline Oil Corporation, rests its entire case in this appeal upon the proposition that the state has failed to prove the Coline Oil Corporation is the legal successor to, or legally responsible for the debts of, the Coline Oil Company.

The law governing the liability of a corporation which purchases property of another corporation is stated in paragraphs 3 and 4 of the syllabus to Ezzard v. State Nat. Bk., 57 Okla. 371, 157 P. 127:

"The liability of the purchasing corporation is very similar to the liability of an individual who purchases the assets of a debtor, and it does not, by reason of the purchase merely, become liable for the debts of the selling corporation.

"It is a general rule that in order to render the purchasing company personally liable for the debts of the selling corporation, it must appear that: (a) There be an agreement to assume such debts; (b) the circumstances surrounding the transaction must warrant a finding that there was a consolidation of the two corporations; (c) that the purchasing corporation was a mere continuation of the selling corporation; or (d) that the transaction was fraudulent in fact. No fraud was pleaded or proven in this cause."

When the defendant demurred to the state's evidence, the court was called upon to determine whether or not all the inferences and conclusions which could reasonably and logically be drawn from the evidence brought the defendant Coline Oil Corporation within the above rule of law. Baker v. Chaney, 167 Okla. 164, 28 P.2d 1092.

The plaintiff contends the evidence shows J. H. Keefe was president, H. L. Briggs was vice president, and J. E. Jones, secretary-treasurer, of both corporations; that Keefe, Briggs, and C. W. Sowle constituted the board of directors of both corporations; that the Western Improvement Company owned all but three shares of the Coline Oil Company stock and all of the Coline Oil Corporation stock; that the corporate names were strikingly similar; that the offices of the Coline Oil Company and the service agent of the Coline Oil Corporation were the same; that, on September 2, 1930, the Coline Oil Company executed three assignments of oil and gas leases and a mineral deed to Coline Oil Corporation, each for a recited consideration of "One dollar and other good and valuable consideration"; and that both corporations were formed for the production of oil and gas.

In addition to the above evidence, plaintiff introduced statements of the Coline Oil Company and the Coline Oil Corporation as of June 30, 1930, whereby it was shown that the Coline Oil Company was a domestic corporation with authorized paid up capital of $175,000; with investments upon which gross production tax was paid, $163,177.96; land held in fee, $19,650; developed lease-

holds, $33,396.81; undeveloped leaseholds, $24,930.54; buildings and structures, $130,-375.31; motorcars and vehicles, $1,838.21, making a total of $373,368.83. It was further shown that Coline Oil Corporation was a Delaware corporation, incorporated May 27, 1929, with authorized paid-up capital stock of $100,000, and investments in land held in fee, $61,648.53; developed leaseholds, $1,346,822.97; undeveloped leaseholds, $210,-945; buildings and structures, $106,973; motorcars and vehicles, $14,365.02; other physical property, $205.18; cash, $107,113.86; merchandise and supplies, $36,161.70; accounts receivable, $374,723.33; other current assets, $178.83, making a total of $2,260,138.-08.

It was further shown that the Coline Oil Company's charter expired in 1933, at which time it ceased to exist. It was stipulated that the total valuation of the salvaged casing omitted from taxation for the years 1921-1929, inclusive, was $15,373.98.

No statements subsequent or prior to those of June 30, 1930, were introduced.

There is no contention that Coline Oil Corporation agreed to assume the debts of the Coline Oil Company, or that the lease assignments and the mineral deed were fraudulent in fact. We do not find in the evidence circumstances showing a consolidation, or that the Coline Oil Corporation is a mere continuation of the Coline Oil Company. On the contrary, plaintiff's evidence indicates that both corporations on June 30, 1930, were separate and distinct entities, their capital stock paid in full. The assignments and the mineral deeds do not indicate all the property of Coline Oil Company was conveyed thereby. Disposition of the personal property mentioned in the Coline Oil Company's statement is not shown. Plaintiff states in its brief that the salvaged casing omitted from the tax rolls was from wells located on the properties conveyed by the assignments and mineral deed. If this be true, then the evidence fails to disclose what disposition was made of the undeveloped leaseholds of the Coline Oil Company contained in the statement of June 30, 1930. The same is true of the buildings and structures, and the motorcars and vehicles. The record does not show that the stock of the Coline Oil Corporation was exchanged for that of the Coline Oil Company. On the contrary, it appears the capital stock of both corporations was paid in full June 30, 1930. The only inference justified by plaintiff's evidence is that the Coline Oil Corporation

did not absorb, merge, or consolidate with the Coline Oil Company in such a manner as to become liable for its debts.

Judgment of the trial court is reversed, with directions to render judgment for the defendant.

BAYLESS, C. J., WELCH, V. C. J., and HURST and DAVISON, JJ., concur.