**INTERNATIONAL ASSOCIATION OF MACHINISTS AND LOCAL LODGE #954, Plaintiff.**

**v.**

**SHAWNEE INDUSTRIES, INC., a subsidiary of Thiokol Chemical Company, and Jonco Aircraft Corporation, a subsidiary of Fairchild Engine and Airplane Corporation, Defendants.**

**Civ. No. 9696.**

United States District Court
W. D. Oklahoma.
Nov. 6, 1963.

Parsons & McKinney, Shawnee, Okl.,
for plaintiff.

Mosteller, Fellers, Andrews, Snyder & Baggett, Oklahoma City, Okl., for defendant Jonco Aircraft Corp.

Spurr & Steed, Shawnee, Okl., for Shawnee Industries.

DAUGHERTY, District Judge.

This action was originally instituted in the District Court in and for Pottawatomie County, State of Oklahoma, by the International Association of Machinists and Local Lodge No. 954, hereinafter referred to as the Union, against Shawnee Industries, Inc., a subsidiary of Thiokol Chemical Company and Jonco Aircraft Corporation, a subsidiary of Fairchild Engine and Airplane Corporation, hereinafter referred to as Shawnee Industries and Jonco respectively, and removed to this Court pursuant to the provisions of 28 U.S.C.A. § 1441, this Court, exercising its jurisdiction herein pursuant to Section 301(a) of the National Labor Relations Act, 29 U.S.C.A. § 185(a) and 28 U.S.C.A. § 2201.

The plaintiff herein seeks a declaration of the respective rights of the parties under a collective bargaining agreement entered into between plaintiff and Jonco on September 20, 1959, and extended on September 20, 1960, for a period of two years. Plaintiff seeks a judgment construing this contract and based upon such construction a decree of specific performance and injunctive relief or in the alternative a money judgment for damages incurred by reason of the alleged breach of said contract.

At a pre-trial conference held on January 16, 1963, pursuant to an order of this Court the issues were separated by the Court as follows:

(1) Is Shawnee Industries the legal successor of Jonco and, as such, bound by contractual obligations of Jonco not specifically assumed and particularly the collective bargaining agreement between Jonco and the Union, and

(2) If Shawnee Industries is determined to be the legal successor of Jonco and bound by the terms of said collective bargaining agreement, then

(a) whether the arbitration clause of the collective bargaining agreement provides the exclusive remedy to the plaintiff, and,

(b) if not, the proper relief to which the plaintiff is entitled.

A detailed Agreed Stipulation of Facts consisting of 11 typewritten pages and 35 pages of exhibits was entered into between the parties and filed with the Court herein. This matter has been submitted to the Court at this time as to issue No. 1 above upon the stipulation of facts, the pre-trial stipulation and order filed herein, and the briefs submitted by the parties. The stipulation of fact entered into is quite comprehensive in nature and thus the Court deems it unnecessary to reiterate herein with particularity these facts as set out therein.

Basically and broadly set out, the plaintiff asserts that the defendants herein have breached a collective bargaining agreement entered into between the plaintiff and Jonco in which the plaintiff was the properly certified bargaining unit for the maintenance and production employees of the Jonco plant in Shawnee, Oklahoma. It is not clearly set out by the plaintiff how it deems the liability of Jonco to now attach under this collective bargaining agreement in view of the fact that Jonco is no longer in existence as a going concern nor as an employer of the employees involved and no violations of the said agreement by Jonco are asserted or shown during its business operations. But plaintiff asserts with some degree of particularity the breaches alleged to have been committed by Shawnee Industries. Plaintiff asserts that Shawnee Industries is bound by the terms of the collective bargaining agreement as entered into between it and Jonco by reason of Article 35 therein making the agreement binding on the "successors and assigns" of Jonco.

The defendant Jonco does not deny the execution of the contract in question, but states that the contract expired by its

own terms on September 20, 1962, and that Jonco no longer operates as an employer of the employees in question and has ceased doing business. Jonco denies that it is liable for any breach of the contract by reason of ceasing to do business. Shawnee Industries alleges that it has no identity with Jonco as a successor or assignee, and, further, that it purchased only certain tangible assets of Jonco and assumed only certain specified obligations of Jonco. Shawnee Industries further alleges that it assumed no obligations or liabilities of Jonco either expressly or impliedly with relation to this collective bargaining agreement between plaintiff and Jonco. Thus, Shawnee Industries states that not being a party to the bargaining agreement and not assuming any obligation under same it is not bound by or subject to its provisions.

The plaintiff in its brief asserts two propositions in support of its argument as to issue No. 1; first, that the appropriateness of the certified bargaining unit survives the transfer from Jonco to Shawnee Industries, and second, equitable estoppel.

 As the matter stands before this Court the Union brings this suit against the defendants seeking a declaration of their liability under the collective bargaining agreement and for a breach of said collective bargaining agreement pursuant to the authority of Section 301(a) of the National Labor Relations Act, 29 U.S.C.A. § 185. We are not concerned here with labor disputes or unfair labor practices. This Court is without jurisdiction to entertain any complaint in so far as it seeks to recover against the defendants for unfair labor practices, such as refusing to bargain collectively with the plaintiff. Reed v. Fawick Airflex Co., D.C., 86 F.Supp. 822. The matter before the Court is singularly a breach of contract question. A breach of a collective bargaining agreement is not an unfair labor practice under the Labor Management Relations Act. The appropriateness of the bargaining unit as it might relate to a subsequent employer (that is, a successor or assignee) and the refusal of such employer to bargain collectively with the properly certified bargaining unit are matters properly to be submitted in the first instance to the National Labor Relations Board and then to the Court of Appeals if an appeal is deemed appropriate by the aggrieved party. Such questions as the appropriateness of the bargaining unit, its survival of a change of employer-owners, and a refusal to bargain toward a collective bargaining agreement are not before this Court. See N. L. R. B. v. McFarland, et al., 10 Cir., 306 F.2d 219; N. L. R. B. v. Alamo White Truck Service, 5 Cir., 273 F.2d 238; N. L. R. B. v. Armato, 7 Cir., 199 F.2d 800. The question presented here is not whether the defendant Shawnee Industries should bargain or should recognize plaintiff as the appropriate unit, but whether the defendant Shawnee Industries is now bound by the terms of a previously bargained contract made by the appropriate bargaining unit with another party.

In other words, we cannot here be concerned with whether or not the Union was the appropriate bargaining unit for the employees of Jonco or is such for the employees of Shawnee Industries. We can only be concerned here with whether Shawnee Industries is bound by the Jonco contract with the Union by reason of Shawnee Industries being a successor or assignee of Jonco as those terms are used in said contract. If Shawnee Industries is a successor or assignee of Jonco it would be bound by the contract and liable for a breach thereof. If Shawnee Industries is not a successor or assignee of Jonco it is not bound by the contract and could not be held to breach the same.

The cases cited by the plaintiff in support of the first proposition deal with the term "successor" in relation to an unfair labor practice proceeding and turn upon a successor's refusal to bargain with a properly certified union as the bargaining representative of the employees of its predecessor. The cases cited are not in point as to the question now before the Court. Even aided by the interpretation

put upon the "successor doctrine" as set out in those cases the plaintiff's position herein is not aided as will be pointed out hereinafter, for, under the criteria set out in the cases cited by the plaintiff, the facts herein do not support the assertion that Shawnee Industries was the successor or assignee of Jonco as the term is used in the collective bargaining agreement.

██ As to plaintiff's second proposition it asserts that Shawnee Industries is subject to the equitable doctrine of estoppel by its silence toward the Union during its purchase negotiations with Jonco. The doctrine arises where a person, or other legal entity acting through its agent, who by force of the circumstances existing is under a duty to another to speak, refrains from doing so and thereby leads the other to believe in the existence of a state of facts in reliance on which the latter acts to his prejudice. 31 C.J.S. Estoppel § 87. The stipulated facts show that Shawnee Industries has never recognized the Union contract executed by Jonco, and has at all times denied that it is bound or obligated by the same. (See page 11, Agreed Stipulation). Notwithstanding such stipulation a consideration of all the facts herein does not indicate that the defendants or either of them conducted themselves in such a manner as to be subjected to the application of the equitable principle of estoppel.

There is no evidence before the Court that the transfer herein between Jonco and Shawnee Industries was an attempt to evade the collective bargaining contract. All the evidence before the Court indicates that the sale was a bona fide one and that Shawnee Industries assumed no position in relation to Jonco other than that of a purchaser of certain assets of Jonco and assuming certain of its fixed obligations, not including, however, the contract in question herein. The liability of Shawnee Industries as a successor or assignee under the bargaining contract, as the terms are used therein, would depend upon the actual relationship of Jonco and Shawnee Industries. As indicated by the evidence the necessary relationship between the parties so as to establish liability on the part of Shawnee Industries under this contract is not present in this case. There is indicated by the facts that:

(1) There was only a transfer of certain assets, the parties to the transaction assuming the positions of buyer and seller.

(2) There was only an assumption of certain specified fixed obligations of Jonco.

(3) There was no transfer of intangibles such as good will or trade name.

(4) There was no transfer of accounts receivable.

(5) Jonco retained no control over or business interest in Shawnee Industries.

(6) There was no continuity of business operations by the two concerns.

(7) The products of the two concerns are not the same though similar machine shop techniques may have been employed by each firm.

(8) The personnel represented by the Union were not employed by Jonco at the time of the sale of certain assets and the assumption of certain obligations between Jonco and Shawnee Industries since Jonco had ceased doing business.

(9) There was no continuity of key personnel though Shawnee Industries employed some of the same key personnel after their termination with Jonco which termination preceded the sale in question.

(10) At the time of the sale, Jonco was a wholly owned subsidiary of Fairchild Engine and Aircraft Corporation whereas Shawnee Industries was an Oklahoma corporation with its stock owned locally.

(11) Jonco ceased its business operations at the location in question not for the purpose of selling out to Shawnee Industries but because its operations there were deemed not economically desirable.

██ Shawnee Industries is thus clearly not the successor to Jonco as that

term is generally applicable to corporations wherein one corporation by a process of amalgamation, consolidation or duly authorized legal succession becomes vested in the rights and assumes the burdens of its predecessor corporation. In re New York S. & W. R. Co., 3 Cir., 109 F.2d 988; New York Trust Co. v. New York S. & W. R. Co., 310 U.S. 633, 60 S. Ct. 1075, 84 L.Ed. 1402; International Assn. of Machinists, Lodge No. 6 v. Falstaff Brewing Corp., Tex.Civ.App., 328 S.W.2d 778. The purchase of certain of the assets of Jonco and the assumption of some of their outstanding obligations in and of themselves do not make Shawnee Industries a legal successor of Jonco and as such bound by the collective bargaining agreement. See Sec. 7122, Vol. 15, Fletchers Cyclopedia of the Law of Private Corporations. Generally stated, the rule is that when one company sells and otherwise transfers its assets to another company the latter company is not liable for the debts and liabilities of the seller-transferor. Exceptions to this rule are (1) where there is an agreement to assume such debt, (2) where the circumstances surrounding the transaction warrant a finding that there was a consolidation of the two corporations; (3) where the purchasing corporation was a mere continuation of the selling corporation; and, (4) where the transaction was fraudulent in fact. Coline Oil Corp. v. State, 184 Okl. 545, 88 P.2d 897; Burkholder v. Okmulgee Coal Co., 82 Okl. 80, 196 P. 679; First State Bank of Mangum v. Lock, 113 Okl. 30, 237 P. 606; Union Coal Co. v. Wooley, 54 Okl. 391, 154 P. 62, 19 A.L.R. 312. The facts in this case indicate that none of the above stated exceptions to the general rule are applicable here.

■ Neither was Shawnee Industries an assignee of Jonco. The evidence as indicated above does not show a general assignment of its business interests to Shawnee Industries by Jonco. There is no evidence of an assignment of the contract in question by Jonco to Shawnee Industries. The term "assigns" as it is used in the contract in conjunction with the term "successors" undoubtedly related to any person or concern that took a specific assignment of the contract from Jonco or that took a general assignment from Jonco of the whole of its business estate, functions, rights and liabilities and continued its activities. Such was not the case here in the transfer of only certain assets to and the assumption of only certain obligations by Shawnee Industries and for the other reasons set out numerically above.

■ Jonco had the right to quit business without prejudice to the collective bargaining agreement. There is no evidence that Jonco ceased doing business for the purpose of evading the agreement and thereby establish liability to plaintiff by curtailing its manufacturing functions. United Steel Workers of America Local Union No. 4264 v. Newpark Mining Co., 10 Cir., 273 F.2d 352; Local Lodge No. 2040, International Assn. of Machinists v. Servel Inc., 7 Cir., 268 F.2d 692; Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed. 2d 972.

Thus, it is the opinion of the Court that the defendants herein are not liable to the plaintiff for a breach of the collective bargaining agreement. This is so as to Jonco because no violations of same by Jonco are shown. This is so as to Shawnee Industries because it is not a party to said collective bargaining agreement and is not a successor or assignee of Jonco under the terms of same and therefore is not bound by its provisions. Accordingly, judgment should be rendered in favor of the defendants and the complaint should be dismissed. Counsel for the defendants will prepare a judgment pursuant to Rule 58 and submit it to the Court for filing in the case within ten days of the date of this memorandum opinion.