2013 OK CIV APP 66

**Rick DOYLE, individually, Plaintiff/Appellant,**

v.

**NEW WERNER HOLDING COMPANY, INC., a Pennsylvania corporation, Werner Co., a Pennsylvania corporation, ABC Company, a fictitious corporation, and Home Depot, Inc., a Delaware corporation, Defendants/Appellees.**

**No. 110,749.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 7, 2013.

Robert P. Coffey, Jr., David C. Senger, Coffey, Gudgel & McDaniel, Tulsa, OK, for Appellant.

Joseph R. Farris, Sarah E. Buchan, Franden, Woodard & Farris, Tulsa, OK, for Appellees.

LARRY JOPLIN, Chief Judge.

¶ 1 Plaintiff/Appellant Rick Doyle (Plaintiff) seeks review of the trial court's orders granting the motions for summary judgment of Defendants/Appellees New Werner Holding Company, Inc., a Pennsylvania corporation, Werner Co., a Pennsylvania corporation, and Home Depot, Inc., a Delaware corporation (individually, by name, or, collectively, Defendants) on Plaintiff's products liability and negligence claims.[1] In this proceeding, Plaintiff asserts there are material facts in controversy concerning the successor liability of the Werner Defendants, and liability of Home Depot as seller of a defective product.

¶ 2 Plaintiff purchased an aluminum ladder at his local Home Depot in September 2003. In 2006, Plaintiff fell while using the ladder when one of the legs "folded."

¶ 3 In 2008, Plaintiff commenced the instant action. Plaintiff alleged that Defendant Werner Co. designed the ladder "in a manner that made it defective and unreasonably dangerous," without "an adequate warning of the risk that it might fail in such a manner," that "it was defective at the time it left the possession and control of each of the Defendants." Plaintiff further alleged that Defendants negligently designed, manufactured and sold the defective ladder without adequate warnings, and that Defendants breached the implied warranties of merchantability and fitness of purpose attending the sale of the ladder. Defendants answered, denying liability generally and specifically.

¶ 4 Defendant New Werner Holding Company, Inc. (New Werner), filed a motion for summary judgment. To its motion, New Werner attached evidentiary materials demonstrating that the ladder was manufactured by Defendant Werner Co., also known as the Old Ladder Company (Old Ladder Co.), in November 2002, that Old Ladder Co. sought and obtained bankruptcy protection in 2006, and that New Werner Holding Co., L.L.C. was formed in 2007 to purchase the assets of Old Ladder Co. The evidentiary materials also demonstrated that the bankruptcy court

---

1. Plaintiff dismissed his claims against Defendant ABC Company.

approved the purchase of Old Ladder Co. assets by New Werner Holding Co., L.L.C., and the bankruptcy court entered an order holding New Werner Holding Co., L.L.C. assumed no liability for product liability claims against Old Ladder Co.; New Werner Holding Co., L.L.C. was not the successor to Old Ladder Co.; New Werner Holding Co., L.L.C. was not a continuation of the former Old Ladder Co.; the purchase of Old Ladder Co. assets by New Werner Holding Co., L.L.C. constituted a good faith, arms' length transaction without collusion or fraud; and the sale of assets from Old Ladder Co. to New Werner Holding Co., L.L.C. was "free and clear of all encumbrances, including but not limited to all claims arising under successor liability." The materials further showed New Werner Holding Co., L.L.C. subsequently became Defendant New Werner Holding Company, Inc.

¶ 5 New Werner also attached evidentiary materials demonstrating an expert's analysis of the ladder's design, as well as his examination of the Plaintiff's allegedly defective ladder. The expert found the design of the ladder met or exceeded the national standards for the design and manufacture of ladders of this type, and, upon examination of Plaintiff's ladder, found the materials used in Plaintiff's ladder also met national standards. The expert opined, to a reasonable degree of engineering probability, the ladder was not defective in design, manufacture or materials. New Werner consequently argued that the evidentiary materials established (1) it did not design, manufacture or sell the subject ladder, (2) it bore no successor liability of Old Ladder Co., either under state law or pursuant to the bankruptcy court order, and (3) Plaintiff had adduced no expert testimony to controvert the opinion of its expert, which established there was no defect in the ladder when placed into the stream of commerce, so, therefore, its motion for summary judgment should be granted.

¶ 6 Home Depot also filed a motion for summary judgment, and attached evidentiary materials establishing the expert's examination and conclusions of no defect. Based on the expert's opinion, Home Depot also argued that absent expert testimony or evidence to controvert the opinion of its expert, its motion for summary judgment should likewise be granted.

¶ 7 Plaintiff responded. Plaintiff argued, first, that the bankruptcy court's order did not absolve New Werner of all liability, and that there remained unresolved issues of fact concerning whether New Werner was insulated from successor liability under state law, particularly given the fact that New Werner had agreed, in writing, to indemnify Home Depot for any products liability claim it was required to pay. Moreover, said Plaintiff, he was competent to express an opinion concerning the allegedly defective design of the ladder, and he was not obligated to produce expert testimony in support of his opinion concerning the existence of a defect in order to survive the ruling on the motions for summary judgment. Plaintiff also filed a motion for default judgment against Old Ladder Co., who had never entered an appearance or answered.

¶ 8 Upon consideration of the parties' submissions and arguments, the trial court granted the motions for summary judgment of both New Werner and Home Depot, and, upon motion to settle journal entry, held:

> ... Plaintiff's motion for default judgment against Defendant Werner Co. (n/k/a Old Ladder Co.) [is] ... DENIED due to Old Ladder Co. filing for Chapter 11 Bankruptcy and having protection afforded to it by the United States Bankruptcy Code.
>
> ... [T]he motion for summary judgment of Defendant [New Werner] [is] SUSTAINED as ... the Court finds Plaintiff failed to file sufficient evidentiary material to rebut the contentions raised by [New Werner] regarding (1) Plaintiff's failure to provide any evidence of an exception to Oklahoma's successor liability rule as [New Werner] has no liability for a product it did not manufacture, and (2) Plaintiff's failure to establish any defect in the product as Plaintiff had no expert testimony to refute that of [New Werner]'s expert testimony.
>
> ... [T]he motion for summary judgment of Defendant [Home Depot] [is] SUSTAINED as ... the Court finds Plaintiff failed to file sufficient evidentiary material to rebut the contentions raised by [Home

Depot] [and] failed to establish any defect in the product as Plaintiff had no expert testimony to refute that of [Home Depot]'s expert testimony[,][and] there are no independent allegations against Home Depot. Plaintiff appeals, and the matter stands submitted on the trial court record.[2]

¶9 "Summary judgment is appropriate only where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Wathor v. Mutual Assur. Adm'rs, Inc.,* 2004 OK 2, ¶4, 87 P.3d 559, 561. (Citation omitted.) "When, on summary judgment, the defendant contends that the facts and circumstances are undisputed and submits evidentiary material supporting the contention, the plaintiff must respond with some evidentiary material that would demonstrate a need for a trial on the issue." *Lowery v. Echostar Satellite Corp.,* 2007 OK 38, ¶16, 160 P.3d 959, 965. "Summary judgment will be affirmed only if the appellate court determines that there is no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Lowery,* 2007

OK 38, ¶11, 160 P.3d at 963. "Summary judgment will be reversed if the appellate court determines that reasonable men might reach different conclusions from the undisputed material facts." *Id.*

¶10 "As a general rule, when one company sells or otherwise transfers all its assets to another company, the successor is not liable for the debts and liabilities of the seller." *Crutchfield v. Marine Power Engine Co.,* 2009 OK 27, ¶1, 209 P.3d 295, 297 "There are exceptions to the rule … when: (1) an agreement exists to assume such debts or liabilities; (2) the corporations are consolidated or merged; (3) the transaction was fraudulent; or (4) the purchasing corporation is a mere continuation of the selling company." *Id.* (Citations omitted.) The agreement to assume liabilities referred to in *Crutchfield* is one that runs between the predecessor company and the successor company. *Coline Oil Corp. v. State,* 1939 OK 173, ¶¶0(2), 5, 88 P.2d 897[3]; *Ezzard v. State Nat. Bank,* 1916 OK 471, ¶13, 157 P. 127, 131–132.[4]

2. See, Rule 13(h), Rules for District Courts, 12 O.S.2011, Ch. 2, App.; Okla.Sup.Ct.R. 1.36, 12 O.S.2011, Ch. 15, App. 1.

3. "The liability of the purchasing corporation is very similar to the liability of an individual who purchases the assets of a debtor, and it does not, by reason of the purchase merely, become liable for the debts of the selling corporation.

It is a general rule that in order to render the purchasing company personally liable for the debts of the selling corporation, it must appear that: (a) There be an agreement to assume such debts; (b) the circumstances surrounding the transaction must warrant a finding that there was a consolidation of the two corporations; (c) that the purchasing corporation was a mere continuation of the selling corporation; or (d) that the transaction was fraudulent in fact. No fraud was pleaded or proven in this cause."

4. "With respect to the liability of the consolidated corporation it is important to distinguish a consolidation proper and the purchase of the assets of one corporation by another. In the latter case the liability of the purchasing corporation is very similar to the liability of an individual who purchases the assets of a debtor, and it does not, by reason of the purchase merely, become liable for the debts of the selling corporation; and unless the purchase can be attacked as in fraud of the creditors of the selling corporation, the purchasing corporation holds the property purchased free from any claim on the part of the

creditors of the selling corporation; and this rule applies to a corporation which succeeds to the property and rights of another corporation, through the medium of a sale on a decree of foreclosure. So it may be stated as a general rule that in order to render the purchasing company personally liable for the debts of the selling corporation, it must appear that: (a) There be an agreement to assume such debts; (b) the circumstances surrounding the transaction must warrant a finding that there was a consolidation of the two corporations; or (c) that the purchasing corporation was a mere continuation of the selling corporation; or (d) that the transaction was fraudulent in fact…. The Legislature in authorizing one corporation to purchase the stock and assets of another corporation may impose on [sic] the liability for the obligations of the corporation thus absorbed. And it has been held that where the statute provides that in the event of the purchase by one corporation of the capital stock and assets of another, the purchasing corporation shall become liable for the obligations of the selling corporation, the former is liable to a suit in equity to compel the payment of judgments against the latter, though it was ignorant thereof at the time of the purchase. So where one corporation purchases the property and assets of another corporation, it may by express agreement impose on itself a liability for the debts and liabilities of the latter, the extent of the liability of the purchasing corporation depending, of course, on the terms of the agreement." (Citations omitted.)

¶ 11 In the present case, New Werner adduced evidentiary materials demonstrating that it did not design the ladder, did not manufacture the ladder, and did not place the ladder in the stream of commerce. The bankruptcy court held that New Werner Holding Co., L.L.C. assumed no liability for product liability claims against Werner, the designer, manufacturer and supplier of the ladder; New Werner Holding Co., L.L.C. was not the successor to Old Ladder Co.; New Werner Holding Co., L.L.C. was not a continuation of the former Old Ladder Co.; the purchase of Old Ladder Co. assets by New Werner Holding Co., L.L.C. constituted a good faith, arms' length transaction without collusion or fraud; and the sale of assets from Old Ladder Co. to New Werner Holding Co., L.L.C. was "free and clear of all encumbrances, including but not limited to all claims arising under successor liability." That New Werner offered to indemnify Home Depot for any product liability claims Home Depot may pay is not an agreement between New Werner and Werner, and does not impose successor liability on New Werner for *any* products liability claim that might arise against *any seller* of Old Ladder Co. ladders.

¶ 12 Furthermore, when New Werner and Home Depot came forward with expert testimony argued to demonstrate no defect in the design or manufacture of the type of ladders at issue in general, or in the Plaintiff's ladder specifically, Plaintiff was required to come forward with some evidence calling the Defendants' expert's opinion into question. Plaintiff's bald assertion of the ladder's failure due to an alleged defect, where Plaintiff is shown to have no special engineering or other expertise to express an opinion on the issue of design or manufacturing defects, does not suffice to render Defendants' expert's opinion subject to question as to require submission of the defect issue to a jury.

¶ 13 In short, New Werner did not design or distribute the Plaintiff's ladder, and did not agree in writing to assume liability for any such claims against Old Ladder Co.; indeed, the Old Ladder Co. bankruptcy court expressly held New Werner was not so liable as successor to Old Ladder Co., and Old Ladder Co., having invoked the protection of the bankruptcy court, is beyond the reach of Plaintiff's claims. As the mere seller of the ladder, any liability of Home Depot depends on the existence of a defect, but Plaintiff wholly failed to controvert Defendants' expert's opinion of no such defect.

¶ 14 The order of the trial court granting the motions for summary judgment of New Werner and Home Depot, and denying the Plaintiff's motion for default judgment against Old Ladder Co., are therefore AFFIRMED.

BUETTNER, P.J., and BELL, J., concur.