IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
February 10, 2021
SX-2009-CV-00400
TAMARA CHARLES
CLERK OF THE COURT




**SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| REGINE FITZNER,<br><br>PLAINTIFF,<br><br>V.<br><br>NEW WERNER HOLDING CO. INC.,<br>NEW WERNER HOLDING (DE), LLC,<br>WERNER CO., GALLOWS BAY<br>HARDWARE, INC., AND ORGILL, INC.<br><br>DEFENDANTS. | Case No. SX-09-CV-00400<br><br>Action for: Negligence, Product Liability,<br>Breach of Warranty, and Personal Injuries<br><br><br>**Jury Trial Demanded**<br><br>CITED AS: 2021 VI SUPER 6P |

**Appearances:**

**John K. Dema, Esq.**
1236 Strand Street, Suite 103
Christiansted, St. Croix, VI 00823-5008
*For Plaintiff*

**Richard H. Hunter, Esq.**
1138 King Street
Christiansted, VI 00820
*For Defendant*

## MEMORANDUM OPINION & ORDER

### ¶ Willocks, Presiding Judge

¶1 **THIS MATTER** is before the Court on a Motion for Summary Judgment filed on June 11, 2015 by Defendant (hereinafter "New Werner"). An Opposition was filed on July 1, 2015 by Plaintiff (hereinafter "Fitzner"). The Court will **GRANT** Defendant's Motion for Summary Judgment for the reasons stated herein.

## I.    Findings of Fact

¶2    In 2006, Werner Co. and several related entities filed for Chapter 11 Bankruptcy relief in the United States Bankruptcy Court for the District of Delaware. (*See* Plaintiff's Response to Defendant's Statement of Undisputed Material Facts). The April 25, 2007 Bankruptcy Order approved an internally referenced Asset Purchase Agreement, dated March 20, 2007. *Id.* New Werner DE purchased the assets of the bankruptcy entities for cash, a credit bid, and an assumption of certain liabilities as limited and defined in the parties' Asset Purchase Agreement. *Id.*

¶3    Notably, Section 2.3(d) of the APA provides that the Buyer and New Werner DE, would assume only the following liabilities: "All liabilities of any Seller in respect of the product liability claims of the customers of Sellers listed on Schedule 2.3(d)…that exist as of immediately prior to the Closing; provided, however, that Buyer will assume any Liability of Sellers to any customer of any Seller that is not listed on Schedule 2.3(d)…but only to the extent that such Liability is or becomes an allowed administrative expense claim of Sellers estates pursuant to Section 503(b) of the Bankruptcy Code. *Id.*

## II.    Procedural History

¶4    On September 5, 2019, this Court held a Status Conference Hearing. During the hearing, the Court granted leave to file supplements to their Summary Judgment briefs. On November 8, 2019, a Motion to Strike was made by Plaintiff. A Reply to the Motion to Strike was filed on December 19, 2019. On September 10, 2020, the Court had a hearing and ordered the parties to file stipulated Exhibits to enter or contest by email no later than September 29, 2020.  The Court then heard oral arguments on this matter on October 22, 2020 via Zoom conference call. At that

hearing, the issue involving the Motion to Strike was resolved and withdrawn. Thus, the Court will only discuss the Motion for Summary Judgment. The Court will **GRANT** Defendant's Motion for Summary Judgment for the reasons stated herein.

### III.     Summary Judgment Standard

¶5     Because summary judgment is a drastic remedy, *see Ness v. Marshall*, 660 F.2d 517, 519 (3d. Cir. 1981), it should be granted only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Williams v. United Corp.*, 50 V.I. 191 (V.I. 2008) (citing Fed. R. Civ. P. 56(c)). The moving party must identify those portions of the record that demonstrate the absence of a genuine issue of material fact, at which point the burden shifts to the non-moving party to present "affirmative evidence" from which a jury might reasonably return a verdict in his favor. *Chapman v. Cornwall*, 58 V.I. 431 (V.I. 2013) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322-25, 106 s. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

¶6     Importantly, in its analysis, the court may not itself weigh the evidence and determine the truth of the competing allegations; rather, it decides only whether there is a genuine issue for trial such that a reasonable jury could return a verdict for the non-moving party. *Kennedy v. Funding, Inc. v. GB Properties*, Ltd., 2020 V.I. 5 (V.I. May 20, 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (V.I. 1986)).

### IV.     Banks Analysis

¶7     When confronted with issues of common law that have yet to be addressed or in the absence of controlling precedence within the Virgin Islands jurisdiction, the Court shall conduct a Banks analysis to determine applicable law. *DiamondRock Hospitality Co. v. Certain*

*Underwriters at Lloyd's of London*, 72 V.I. 185 (Super. Ct. 2019). The Banks analysis requires the balancing of three non-dispositive factors: "(1) whether any Virgin Islands courts have previously adopted a particular rule; (2) the position taken by a majority of courts from other jurisdictions; and (3) determine which approach represents the soundest rule for the Virgin Islands." *Id.*

¶8    Under the first Banks factor, this Court notes the absence of any specific law within this jurisdiction regarding this interpretation issue. Considering the second Banks factor, the Court has found a majority of courts from other jurisdictions presented with the same or similar issue have held in favor of New Werner Co. Those jurisdictions are Alabama, Oklahoma, and Texas. Accordingly, the Court has taken these holdings into consideration when deciding the soundest rule for the Virgin Islands.

¶9    In *Borum v. Werner Co.*, the Court held in favor of summary judgment because there was no evidence or assertion that Borum's product liability claims against Werner Co. (DE) a wholly owned subsidiary of the "New" Werner Co., are allowed administrative expense claims of the bankrupt "Old" Werner Co. *Borum v. Werner Co.*, 2020 U.S. Dist. LEXIS 78545 (Alabama Dist. Ct. 2012).

¶10    Further, in *Doyle v. New Werner Holding Co.*, the Court held that New Werner had adduced evidentiary materials demonstrating that it did not design the ladder, did not manufacture the ladder, and did not place the ladder in the stream of commerce. *Doyle v. New Werner Holding Co.*, 2013 OK CIV APP 66 (Civil Appeals 2013). In short, the Court held that New Werner did not design or distribute Plaintiff's ladder, and did not agree in writing to assume

liability for any such claims against "Old" Ladder Co. *Id.* Therefore, summary judgment was a proper remedy for New Werner Holding Co.

¶11    In *Harris v. New Werner Holding Co.*, the Court held in favor of summary judgment for New Werner Holding Co. because nothing in the record established New Werner expressly assumed any of Old Ladder's obligations or liability. *Harris v. New Werner Holding Co.*, 2009 U.S. Dist. LEXIS 84043 (Texas Northern Dist. Ct. 2009).

¶12    Finally, pursuant to the third Banks factor, this Court considers the public policy rationale. It would be counterintuitive to hold otherwise considering other jurisdictions have interpreted the issue similarly and have held in favor of summary judgment for New Werner. The Court does not want litigants to forum-shop in the Virgin Islands against New Werner. Further, holding for New Werner upholds the successor liability rules further discussed in detail below. Thus, the Court finds that this public policy rationale makes this rule favorable for the Virgin Islands.

¶13    Weighing all the Banks analysis factors, the Court finds it proper to follow the majority of jurisdictions and adopt, as the soundest rule for the Virgin Islands, that Plaintiff's do not have a claim against New Werner because New Werner did not assume liability from "Old" Werner Co. pursuant to the language of the APA agreement. Thus, the Court finds that other jurisdiction's interpretations coupled with public policy weigh in favor of summary judgment for New Werner.

   V.    **The issue is whether Summary Judgment is an appropriate remedy when Defendant and Plaintiff are in dispute over whether there was an assumption of liability depends on the language of the APA approved by the Bankruptcy Court in Delaware.**

¶14     The Court will grant Defendant's Motion for Summary Judgment because the Court finds that Defendant has met the initial burden of showing that there are no genuine issues as to any material fact that exists concerning Plaintiff's claims. The Court is persuaded by how other jurisdictions have held on this issue.

¶15     The Court in *Polius* ruled that "it is a well-settled rule of corporate law, where one company sells or transfers all of its assets to another, the second entity does not become liable for the debts and liabilities, including torts, of the transferor." *Peters v. V.I. Water & Power Authority*, 58 V.I. 49 (Super. Ct. 2013) (citing *Polius v. Clark Equip. Co.*, 802 F.2d 75, 78 (3d. Cir. 1986)).

¶16     This rule of successor liability has four generally recognized exceptions, under which the purchasing corporation may be liable: (1) if it assumes liability, (2) if it merges or consolidates with the selling corporation, (3) where the sale of assets is fraudulent and done with the intention to escape liability, and (4) when the purchasing corporation is a mere continuation of the selling corporation. *Id.* at 57.

¶17     First, through the myriad of Exhibits that were submitted; the APA and the Order from the Bankruptcy Court of Delaware are important to the Court's analysis for summary judgment. *See* Plaintiff's Ex C. and p. 17(c) of Plaintiff's Ex. 4. For instance, as the Court cannot weigh the evidence pursuant to *Kennedy* to make a determination of the truth of the allegations, albeit the Court must resolve all disputes in favor of the non-moving party.

¶18    Here, Plaintiff makes the assertion that pursuant to APA Schedule 2.3(d) the Werner Defendants were not listed as an exception.[1] Schedule 2.3 (d) is titled: "Assumed Customer Products Liability Claims." The language states: "All of Seller's customers with the exception of Home Depot, Kawan Lama, MAP Paints, and Sears."[2] In support of these arguments, Plaintiff's attorney submitted an affidavit that Exhibit 1 is a true copy of the Notice of Filing of Section 2.3(d) to the APA that was filed in the Bankruptcy Court for the District of Delaware.[3]

¶19    However, and importantly, Section 2.3(d) ends with "but only to the extent that such Liability is or becomes an allowed administrative expense claim of Sellers' estates pursuant to Section 503(b) of the Bankruptcy Code."[4] When looking at 11 USCS § 503 (b) and taking all the Exhibits, affidavits, and other submissions together, there is no evidence that Plaintiff's claims are allowed administrative expense claims of the bankrupt Werner Co. Therefore, the Court cannot hold in favor of Plaintiff due to the language of the APA that was entered into by both parties and pursuant to Section 503(b) of the Bankruptcy Code.

¶20    After conducting a Bank's analysis, this Court's holding represents the soundest rule for the Virgin Islands and is consistent with other jurisdiction's holdings. The Court is persuaded by

---

[1] APA p. 17 Section (d) Customer Product Liability states: "All Liabilities of any Seller in respect of the product liability claims of the customers of Sellers listed on Schedule 2.3(d) that exist as of immediately prior to the closing provided, however, Buyer will assume any Liability of Sellers to any customer of any Seller that is **not listed on Schedule 2.3(d)** (which would otherwise have been assumed by Buyer has such customer been listed on Schedule 2.3(d), **but only to the extent that such Liability is or becomes an allowed administrative expense claim of Sellers' estates pursuant to Section 503(b) of the Bankruptcy Code.**)

[2] "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Saldana v. Kmart Corp.*, 260 F.3d 228, 43 V.I. 361, 364 (V.I. 2001).

[3] *See* Plaintiff's Supplement to Opposition to Defendant's Motion for Summary Judgment Ex. B.

[4] *See Borum v. Werner Co.*, where the Court held in favor of summary judgment because there was no evidence or assertion that Borum's product liability claims against Warner Co. (DE) a wholly owned subsidiary of the "New" Werner Co., are allowed administrative expense claims of the bankrupt "Old" Werner Co. *Borum v. Werner Co.*, 2020 U.S. Dist. LEXIS 78545 (Alabama Dist. Ct. 2012). The Court held that "Old" Werner Co. and Werner Co. (DE) assumed no liability as a wholly owned subsidiary of the successor company New Werner Holding Co. (DE), LLC and Plaintiff's claims failed as a matter of law.

other jurisdictions interpretation of the APA agreement. Thus, the Court will **GRANT**

Defendant's Motion for Summary Judgment for the reasons stated herein.

It is hereby:

**ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**, it is further

**ORDERED** that New Werner Holding Co. Inc., New Werner Holding (DE), LLC, and

Werner Co. are **DISMISSED**, it is further

**ORDERED** that the parties are to initiate mediation proceedings with the remaining

Defendants, Gallows Bay Hardware Inc. and Orgill, Inc. **within forty-five (45) days** from

the date of entry of this Order, and to **SERVE** and **FILE** status notices every **thirty (30)**

**days** thereafter, until mediation has concluded.

**DONE and so ORDERED this** ___8th___ **day of** _February_, **2021.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**