### EVANS v. COOPER, Sheriff.

No. 22995.   Feb. 11, 1936.

J. F. Murray, for plaintiff in error.

Elmer S. Rutherford, Bruce B. Potter, and Ralph G. Harder, for defendant in error.

BAYLESS, J. This is an appeal from the district court of Kay county, Okla., wherein judgment was rendered against J. C. Evans, plaintiff, and for Joe H. Cooper, sheriff of Kay county, the defendant. The parties will be referred to as they appeared in the trial court.

This suit was instituted against the defendant in his official capacity as sheriff, to recover the value of a stock of paint and some used lumber that were seized by the defendant, through his deputy, by virtue of a writ of execution issued against D. L. Evans, a brother to the plaintiff. The plaintiff contends that he was the owner of said property and that it was not subject to seizure by the defendant to satisfy the debts of his brother, the former owner. The defendant denies the contention and alleges as his defense that the plaintiff was not the owner of said property, and that any conveyance from D. L. Evans to the plaintiff was fraudulent, because the conveyance was not accompanied by a delivery of possession, and that the plaintiff is estopped to deny that D. L. Evans is the owner of said paint and lumber.

A jury was impaneled, and the plaintiff presented testimony showing that he had purchased the paint and lumber in question from D. L. Evans. At the time of the sale there was a case pending against D. L. Evans, out of which the aforesaid writ of execution was issued. The paint and lumber remained after the sale in the same location, under the same management and

without any outward sign of change; and there was some evidence that D. L. Evans permitted the plaintiff to hold the property out as his own.

The jury gave a verdict for the defendant, and judgment was rendered accordingly. The plaintiff has appealed to this court, alleging many errors.

The plaintiff contends that the court submitted issues to the jury not raised by any evidence in the case. He contends that no issue was made that Alice Roth was a creditor of D. L. Evans. This contention is contrary to the record. The amended answer alleged that the sale was made to defraud creditors, but did not name them. The plaintiff testified as follows: Question: "Now, at the time this deed was signed, Alice Roth had a suit pending here in this court for damages against your brother, didn't she?" (This was on the same date and a part of the same transaction as the sale of the paint.) Answer: "I guess, along about that time, yes." Under section 10004, O. S. 1931, which reads as follows:

"A creditor, within the meaning of this chapter, is one in whose favor an obligation exists, by reason of which he is, or may become, entitled to the payment of money"

—and construed by this court in the case of Union Coal Co. v. Wooley, 54 Okla. 391, 154 P. 62, which reads in part as follows:

"Where a party has an action for a tort pending against a corporation, which is afterwards reduced to judgment, he is a creditor of such corporation before the actual rendition of the judgment."

This is applicable to persons as well as corporations, and such being the rule, D. L. Evans was a debtor of Alice Roth at the time of the above sale.

We will join the plaintiff's next two contentions and dispose of them together. These contentions are (1) the verdict of the jury is contrary to the law and evidence, and (2) the court erroneously instructed the jury.

Section 10008, O. S. 1931, reads:

"Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage, when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against those who are his creditors, while he remains in possession, and the successors in interest of such

creditor, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or incumbrancers in good faith subsequent to the transfer."

This was construed by this court in the case of Williamson, etc., Co. v. King, 58 Okla. 120, 158 P. 1142, as follows:

"A transfer of personal property to be valid under section 2933, Comp. Laws 1909 (sec. 10008, O. S. 1931) must be accompanied by an actual and continued change of possession, which must be open, notorious, and unequivocal, and such as to apprise the community and those who deal with the party that the goods have changed hands and the title thereto has passed from the vendor to the vendee.

"Notice or knowledge of a transfer of personal property capable of manual delivery, unaccompanied by a change of possession, will not prevent an existing bona fide creditor from seizing said property upon attachment or execution."

The evidence in the record indicates that plaintiff bought the paint while it was in his brother's building and then made arrangements with another person to sell it in another store, but moved very little of it and only intended to move the paint as needed in the other store. The lumber was never disturbed, being at all times stacked near the home of plaintiff's brother.

The trial court instructed the jury as follows:

"You are instructed that the plaintiff in this case claims that he bought this property in good faith from his brother D. L. Evans, in December, 1928, and claims that he took possession of said property and has kept possession thereof until the sheriff levied on it in October, 1929. The defendant claims or makes three defenses, as follows: First: That the purported transfer of the paint from D. L. Evans to the plaintiff was done for the purpose of defrauding creditors and not done in good faith. Second: That at the time or after the purported sale from D. L. Evans to the plaintiff, J. C. Evans, there never was any change in the possession of said property, thereby making the sale void; and, third: The defendant claims that even if there was no fraud in the sale from D. L. Evans to J. C. Evans, that the said J. C. Evans, after buying said property, left it in the possession of his brother, D. L. Evans, and allowed him to treat it as his own, and with knowledge that he was doing so, and that for this reason the plaintiff cannot now claim the property as against this defendant. And you are instructed that if the defendant has shown by the evidence either of these three claims made by him,

the plaintiff cannot recover in this case for the paint."

"You are instructed that if you find and believe from the evidence in this case that at the time of the sale or purported sale from D. L. Evans of said paint, such was not a bona fide sale, but made for the purpose of defrauding creditors, or, if you find and believe from the evidence that even though there may have been a bona fide sale between the two brothers that there was never any change in the possession of said paint up to the time the sheriff levied thereon, but that the same remained in the control and possession of D. L. Evans, or, even though you find from the evidence that the sale between the two brothers was in good faith in the first instance or at the time it was made, but that the plaintiff allowed his brother, D. L. Evans, to keep possession of said paint and hold the same out to the world as his own in such a way as to lead third parties to believe that D. L. Evans still owned the paint, then and in either of those three events you should find the issues in favor of the defendant and against the plaintiff on the paint proposition."

We are of the opinion that the court correctly instructed the jury and fairly submitted the issue to the jury. The jury's verdict is supported by some evidence and is in keeping with our decisions construing the law. The rule for such a situation as this has been stated by us in Kaufman v. Boismier, 25 Okla. 252, 105 P. 326, as follows:

"It has been held not only by this court, but also by the Supreme Court of the Territory of Oklahoma, in numerous cases, that it will not disturb the verdict of a jury upon controverted questions of fact, and it is immaterial whether such questions arise from direct or circumstantial evidence. The jury had the opportunity of seeing the witnesses on the stand face to face and observing their manner, apparent fairness, and candor, or want of it. This is not available to this court in a re-examination of the evidence, and, where there is any reasonable evidence tending to support the verdict, it will not be disturbed here."

It is also contended that the trial court committed error when it permitted evidence of the statements of plaintiff's brother made subsequent to the alleged sale, out of the presence of the plaintiff, in which plaintiff's brother claimed to own the property. The general rule covering the admissibility of such statements is found in 12 R. C. L., p. 676, sec. 180, as follows:

"Ordinarily, the declarations of fraudulent intent made by the vendor after the transfer are not admissible against the vendee to affect his title. There are, however, three exceptions to the rule which are universally

recognized: (1) Where there has been a prima facie case of fraud established, as where the thing has a corpus, and the possession of the thing after the sale remains with the seller. * * *"

We have applied this rule in the case of King Auto Service v. Hodges, 143 Okla. 260, 288 P. 483. The trial court did not commit error in admitting in evidence such subsequent statements.

Judgment of the trial court affirmed.

OSBORN, V. C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and BUSBY and PHELPS, JJ., absent.