**Virginia GENTRY, Plaintiff in Error,**

v.

**Robert G. JEFFREY, Defendant in Error.**

**No. 40218.**

Supreme Court of Oklahoma.

Feb. 11, 1964.

Brown & Garrison, Tulsa, for plaintiff in error.

Judson C. Jones, Avery & Jones, Wagoner, Paul Gotcher, Anthis & Gotcher, Muskogee, for defendants in error.

WILLIAMS, Justice.

The question here involved is whether a stockholder of an insolvent corporation, by taking over the assets and assuming all the obligations of the corporation, binds himself personally to pay a judgment later obtained in a tort action then pending against the corporation.

Plaintiff in error initiated the action from which this appeal arises against defendant in error and other defendants to collect a $4000.00 judgment theretofore rendered in her favor and against Wagoner County Publishing Co., Inc., and Sam Whitson in a libel suit. After plaintiff had obtained that ' judgment execution had been issued and returned "no property found". Such other defendants were eliminated in the trial court. Our continued reference to the parties is as they appeared in that court.

In her second amended petition plaintiff alleged that the defendant as an officer, director and stockholder of the above named judgment debtor corporation, took title to all of the assets of said corporation; that defendant converted the assets to his personal use and benefit by selling same; that such action rendered said corporation insolvent and plaintiff's judgment uncollectible; that defendant thereby became a trustee of the proceeds of such sale for the satisfaction of plaintiff's judgment; and that plaintiff was entitled to a personal judgment against defendant.

The record reflects that defendant and one Martin and one Whitson were the sole stockholders of the above named Wagoner County Publishing Co., Inc.; that defendant

owned a majority of the stock; that while plaintiff's action against such corporation and Whitson was pending the defendant and Martin and Whitson held a meeting at which it was determined that said corporation was insolvent; that it had operated at a loss of $8099.59 between the date it started business, February 1, 1958, and November 28, 1958; that "those boys [Martin and Whitson] threw in the towel and they said if you [defendant] will take up the debts that we owe we'll pull out of the company"; that the three stockholders agreed that all shares of stock and all assets of such corporation would be transferred to defendant; that defendant would pay Whitson $1300.00; that defendant "assumed all the debts of the corporation"; that the transfer was made and defendant paid "between $3000 and $3700" to creditors; that on December 1, 1958, defendant sold all of the assets of such corporation for $8500.00 in money, payable in installments and $9585.00 in credits to defendant on the buyer's books; and that portions of both sums remained due at the time of trial.

In rendering the judgment with which we are here concerned, for defendant, the trial court found the facts to be substantially as above set forth. It further found that the sale and transfer to defendant was not actuated by fraud or bad faith; that it was a bona fide sale for a good and adequate consideration made for the sole purpose of meeting the corporation's matured liabilities; and that the officers and directors received no part of the proceeds of such sale. Plaintiff has perfected this appeal from such judgment of the trial court.

For reversal plaintiff advances three propositions. The second proposition is that "The defendant, Robert G. Jeffrey, made a distribution of the assets of the corporation to himself as a shareholder in violation of corporate law and therefore became liable to the plaintiff personally".

Title 18 O.S.1961 § 1.145 concerns distribution of assets of a domestic corporation. Plaintiff contends that such section is applicable to the instant case. It provides, in pertinent part, as follows:

"b. No such distribution of assets shall be made to shareholders:

"(1) When the corporation is insolvent, or when such distribution would render the corporation insolvent, or unable to satisfy its determined and contingent debts and liabilities, not otherwise adequately provided for, when they fall due; * * *."

In the case of Evans v. Cooper, 176 Okl. 41, 54 P.2d 368, 369, is the following language:

"Under section 10004, O.S.1931 [24 O.S.1961 § 2], which reads as follows: 'A creditor, within the meaning of this chapter, is one in whose favor an obligation exists, by reason of which he is, or may become, entitled to the payment of money.' and construed by this court in the case of Union Coal Co. v. Wooley, 54 Okl. 391, 154 P. 62, 19 A.L.R. 312, which reads in part as follows: 'Where a party has an action for a tort pending against a corporation, which is afterwards reduced to judgment, he is a creditor of such corporation before the actual rendition of the judgment.' This is applicable to persons as well as corporations, and such being the rule, D. L. Evans was a debtor of Alice Roth at the time of the above sale."

It is not clear from defendant's testimony as to whether the $1300 paid to Whitson was included in the $3000 to $3700 he paid to creditors. Since Whitson was not a creditor, we assume that the larger sum was exclusive of such $1300. Twice defendant testified that he paid creditors $3000 to $3700. In answer to the question, "Can you tell us what the amount owing by the corporation was?", defendant stated "$8099.59". This is the amount that defendant testified that the corporation had lost in its operations between February 1, 1958, and November 28, 1958. Since this was stated to be the amount owed by the corporation, such amount would have included

the $3000 to $3700 figure. Allowing defendant full credit for such $8,099.59 and the $1300 paid to Whitson, nevertheless defendant realized approximately $8600 from the sale of the corporation's assets.

Title 18 O.S.1961 § 1.146 defines the liability of a director as personal for an unlawful distribution of the corporation's assets. Title 18 O.S.1961 § 1.147 grants a creditor the right to sue such a director.

In pertinent part, said sections 1.146 and 1.147, respectively, provide:

"a. Except to the extent and in the manner as otherwise provided in this Act, the board of directors of a domestic corporation shall not authorize or ratify * * * the withdrawal or distribution of any part of its assets among its shareholders.

"b. In case such board of directors willfully or negligently violate any of the provisions of this Section, the members of such board, except those who may have caused their dissent therefrom to be entered on the minutes of the meeting at which such action was authorized, or who were not present at the time the board acted, shall be jointly and severally liable to the corporation, or to its receiver, liquidator, or trustee in bankruptcy, for the benefit of the creditors of the corporation, or any of them, and to the shareholders and owners of shares at the time of such violation, for its debts and liabilities existing at the time of such violation, and for the full amount of any loss sustained by such holders and owners of shares, other than shares upon which any such payment or distribution was made, in any such case, not exceeding the amount of such unlawful redemptive or purchase price, dividends, withdrawals, or distribution."

"Any judgment creditor of a domestic corporation, or two (2) or more such creditors, if the debt or claim arose prior to the time of such violation, may sue the corporation and any or all of its directors in one or separate actions and recover judgment for the amount due such creditors or claimants from the corporation against any or all of such directors guilty of any such violation up to the amount of such unlawful dividends, purchase price, withdrawal, or other distribution. * * *"

In the case of Union Coal Co. v. Wooley, 54 Okl. 391, 154 P. 62, 19 A.L.R. 312, (to which reference was made in the case of Evans v. Cooper, supra) this Court sustained the liability of a director because of his acceptance of distribution of proceeds from the sale of assets of an insolvent corporation. In paragraphs three, four and five of the syllabus, we held:

"A director of an insolvent corporation is a trustee for the creditors of such corporation, and will not be allowed to prefer an antecedent unsecured debt of other creditors of such corporation who would lose the entire amount due them, if such preference is allowed to stand.

"Where the directors of an insolvent corporation, upon the sale of its entire property, received a large sum of money, some of which they used to pay debts of the corporation, but paid themselves about $8,000 for sums they claimed to be due them from the corporation, but paid nothing to the plaintiff, a court of equity has jurisdiction of an action to charge such directors as trustees, and this remedy is not abolished by the statute defining the obligations and liabilities of directors.

"Where in such case the directors receive the purchase price of the property of the insolvent corporation in cash, and mingle it with their own funds, it is not error to render a personal judgment against them in favor of a creditor of the corporation who has received nothing on his debt."

We construe all the facts and circumstances of the sale and transfer of the corporation's assets to defendant and his subsequent sale of same, as constituting a distribution of the corporate assets to him.

As above noted, Mr. Jeffrey was majority stockholder, president and a director of such corporation.

In the case of Federal National Mortgage Ass'n. v. Walter, Okl., 363 P.2d 293, in the third paragraph of the syllabus we held:

"In a case of equitable cognizance, where the judgment of the trial court is clearly against the weight of the evidence or contrary to the law applicable thereto, this court will reverse such judgment or decree, or render or cause to be rendered such judgment and decree as the trial court should have rendered."

The judgment of the trial court is therefore reversed and the cause remanded with instructions to render judgment for the plaintiff for the amount claimed in her petition.

BLACKBIRD, C. J., HALLEY, V. C. J., and IRWIN and BERRY, JJ., concur.